Hearing Date:  October 24, 2013
Objection Deadline:  October 21, 2013 at 12:00 noon

COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
Telephone: 212-563-4100
Facsimile: 212-695-5436
Bruce H. Simon
David R. Hock

Attorneys for the American Guild of Musical
Artists and Local 802, American Federation of
Musicians

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re:                                                        :  Chapter 11
                                                              :
New York City Opera, Inc.,                                    :  Case No.: 13-13240(SHL)
                                                              :
                    Debtor.                                   :
                                                              :
                                                              :
------------------------------------------------------------- x

**OBJECTION TO MOTION TO PAY WAGES AND REFUND (I) MOTION FOR ENTRY
OF AN ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY
PREPETITION SEVERANCE AND OTHER EMPLOYEE COMPENSATION AND (B)
GRANTING RELATED RELIEF AND (II) MOTION FOR ENTRY OF AN ORDER
<u>AUTHORIZING THE DEBTOR TO REFUND PRE-PAID TICKETS</u>**

The American Guild of Musical Artists ("AGMA") and Local 802 of the American Federation of Musicians ("Local 802"), creditors and parties in interest in the above-referenced proceeding, each respectfully request that the Court defer ruling on the (I) Motion for Entry of an Order (A) Authorizing, but not Directing, the Debtor to Pay Prepetition Severance and other Employee Compensation and (B) Granting Related Relief and (II) Motion for Entry of an Order Authorizing the Debtor to Refund Pre-Paid Tickets, and states as follows:

00297545.1

1. The Debtor has failed to meet its burden that the proposed payments are required under the doctrine of necessity when the Debtor has not established a plan for continuing the operations of the New York City Opera, Inc. as an operating entity. The doctrine of necessity is based upon a showing that the payments are critical to the bankruptcy process and reorganization of a debtor and the "burden of proof is a heavy one[.]" *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 836 (Bankr. S.D.N.Y. 1996).

2. The fact remains that the Debtor has failed to provide any evidence that the payment of either the pre-paid ticket refunds or the severance payments *at this time* is necessary to preserve its opportunity to reorganize. The question is whether the payments are necessary to preserve the Debtor's business rather than to preserve the reputation of an institution which asserts that is liquidating. *See In re Fin. News Network Inc.*, 134 B.R. 732, 735-36 (Bankr. S.D.N.Y. 1991).

3. The Declaration of George Steel demonstrates that the Debtor had a policy of issuing refunds, not that the Debtor's customers had a property interest in the pre-paid ticket account. Further, the Steel Declaration does not demonstrate that the Debtor needs to preserve its workforce, as payments are to be made to former employees.

4. At this time, the Debtor has cancelled the rest of its season and has no plans for a future season. Most parties to this case would like to see a situation where the Debtor is able to reorganize, has a plan to do so, and will resume productions in the future, but until that plan exists, payment of funds out of an estate which appears insolvent is in appropriate.

5. Unless and until the parties have had a reasonable opportunity to understand the assets and liabilities of the Debtor, the Court should not allow payments out of

the estate. Further, no decision should be made on this motion until a creditor committee has been formed.

WHEREFORE, AGMA and Local 802 respectfully request that the Court deny the motion without prejudice if circumstances change, and for such other relief as is just and proper.

Dated: New York, New York
October 21, 2013

Respectfully submitted,

By /s/ David R. Hock
Bruce H. Simon
David R. Hock
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
T: 212-563-4100
F: 212-695-5436

Attorneys for Plaintiff