Presentment Date: July 7, 2014 at 12:00 p.m. (EST)
Objection Deadline: July 7, 2014 at 11:30 a.m. (EST)
Hearing Date and Time (only if objections are filed): July 16, 2014 at 10:00 a.m. (EST)

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen
Nicole Stefanelli
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| New York City Opera, Inc. | Case No. 13-13240 (SHL) |
| Debtor. | |

**DEBTOR'S THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

New York City Opera, Inc., the above-captioned debtor and debtor in possession ("**NYC Opera**" or the "**Debtor**"), submits this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") (i) further extending the period during which the Debtor has the exclusive right to file a plan (the "**Exclusive Filing Period**") for an additional ninety-one (91) days, from June 30, 2014 through and including September 29, 2014 and (ii) further extending the period during which the Debtor has the exclusive right to solicit acceptances of any such plan (the "**Exclusive Solicitation Period**," and

together with the Exclusive Filing Period, the "**Exclusive Periods**") for an additional ninety-one (91) days, from August 29, 2014 through and including November 28, 2014, or approximately sixty (60) days after the expiration of the Exclusive Filing Period, as extended, without prejudice to seek further extensions of the Exclusive Periods. In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference* dated February 1, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

4. On October 3, 2013 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

5. The Debtor is currently operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner.

6. On October 23, 2013, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 39.

7. Additional background facts surrounding the commencement of this Chapter 11 Case are more fully described in the *Declaration of George Steel, General Manager and Artistic Director of New York City Opera, Inc. in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 2] (the "**Steel Declaration**").

8. On January 31, 2014, the Debtor filed the *Debtor's Motion for Entry of an Order Extending the Debtor's Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Votes Thereon* [Docket No. 113] (the "**First Exclusivity Motion**").

9. On January 31, 2014, the Committee filed the *Motion of Official Committee of Unsecured Creditors for an Order, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Committee to Conduct Examinations and Request Production of Documents From the Debtor* [Docket No. 115] (the "**2004 Motion**").

10. On February 11, 2014, the Committee filed an objection to the First Exclusivity Motion [Docket No. 127]. On February 12, 2014, the Debtor filed a limited objection to the 2004 Motion [Docket No. 132].

11. On February 19, 2014, the Court held a hearing on the Exclusivity Motion and the 2004 Motion.

12. On February 24, 2014, the Court entered the *Consent Order Resolving (I) Debtor's Motion for Entry of an Order Extending the Debtor's Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Votes Thereon and (II) Motion of Official Committee of Unsecured Creditors for an Order, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Committee to Conduct Examinations and Request Production of Documents from the Debtor* [Docket No. 138] pursuant to which the Exclusive Filing Period was extended through and including April 30, 2014 and the Exclusive Solicitation Period was extended through and including June 30, 2014.

13. On April 30, 2014, the Debtor filed the *Second Motion for Entry of an order Extending the Debtor's Exclusive Periods in which to File a Chapter 11 Plan and Solicit Votes Thereon* [Docket No. 156].

14. On May 19, 2014, the Court entered the *Second Order Extending The Debtor's Exclusive Periods In Which To File A Chapter 11 Plan And Solicit Votes Thereon* [Docket No. 161] pursuant to which the Exclusive Filing Period was extended through and

including June 30, 2014 and the Exclusive Solicitation Period was extended through and including August 29, 2014.

## RELIEF REQUESTED

15. By this Motion, the Debtor seeks (i) a further extension of the Exclusive Filing Period through and including September 29, 2014 and (ii) an extension of the Exclusive Solicitation Period through and including November 28, 2014, without prejudice to seek further extensions of the Exclusive Periods. This is the Debtor's third request for an extension of these deadlines.

## BASIS FOR RELIEF

**A.   Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods "For Cause"**

16. The Exclusive Periods under section 1121 of the Bankruptcy Code are intended to afford a debtor the opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration of and disruption to the debtor's business operations that might be caused by the filing of competing plans by non-debtor parties. In circumstances where, as here, the Exclusive Periods prove to be an unrealistic time frame to file and solicit acceptances of a meaningful chapter 11 plan that might garner support from parties in interest, section 1121(d) of the Bankruptcy Code allows the Court to extend the Exclusive Periods "for cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120- day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

>(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

17. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of the particular case. *See First Am. Bank of N.Y. v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Indeed, courts have found that Congress did not intend that the 120- and 180-day periods be a hard and fast rule. *See Amko Plastics*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [Section 1121(d)] is flexibility."). Rather, Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. *See Geriatrics Nursing Home v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress recognized that often a 120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate a plan:

>The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. **For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably**

-5-

> **need to extend the time in order to allow the debtor to reach an agreement.**

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

18. When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the periods. Factors considered by the courts in making such a determination have included: (i) the size and complexity of the case; (ii) the necessity of sufficient time to negotiate and prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) whether the debtor is paying its debts as they come due; (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (vi) whether the debtor has made progress in negotiating with creditors; (vii) the length of time the case has been pending; (viii) whether the debtor is seeking the extension to pressure creditors; and (ix) whether unresolved contingencies exist. *See*, *In re Gibson*, 101 B.R. at 409-10 (E.D.N.Y. 1989); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); *In re Sw. Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987). The application of these factors to the facts and circumstances of this case demonstrates that the requested extensions are both appropriate and necessary in this Chapter 11 Case.

B.  **Cause Exists for an Extension of the Exclusive Periods in This Chapter 11 Case**

19. The Debtor submits that each of the factors relevant to this Chapter 11 Case weighs in favor of the relief requested herein.

(i)  **The Size, Complexity and Duration of This Chapter 11 Case**

20. The Debtor continues to review the restrictions on each of its endowment funds, restricted funds, gifts and grants. During the previously extended Exclusive Filing Period, the Debtor met with the Committee to discuss such restrictions, among other things. This

complex process, which must be undertaken before any plan can be proposed, warrants an extension of the Exclusive Periods as requested herein.

### (ii) Good Faith Progress Made in This Chapter 11 Case

21. During the previously extended Exclusive Filing Period, the Debtor received several expressions of interest in connection with a potential transaction for the disposition of NYC Opera which the Debtor continues to evaluate in light of the circumstances of this case. The Debtor has provided the Committee with all correspondence related to these expressions of interest and has provided the Committee with consultation rights in connection therewith.

### (iii) The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information

22. Pursuant to the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 119], the General Bar Date (as defined therein) was March 17, 2014 at 5:00 p.m. (prevailing Eastern time) and the Governmental Unit Bar Date (as defined therein) was April 1, 2014 at 5:00 p.m. (prevailing Eastern time). The Debtor is currently evaluating the claims filed and reconciling the same with its Schedules of Assets of Liabilities.

### (iv) The Debtor is Paying its Debts as They Come Due

23. The Debtor has shut down substantially all of its operations with the exception of City Opera Thrift Shop. The Debtor continues to make timely payments on its undisputed post-petition obligations.

### (v) The Debtor is Not Seeking an Extension to Pressure Creditors

24. The Debtor has no ulterior motive in seeking an extension of the Exclusive Periods. The Debtor believes that it has worked diligently over the past few months in an attempt to maximize the value of its assets for creditors. The Debtor is not seeking this extension to pressure its creditors.

### (vi) The Adverse Impact on its Chapter 11 Case

25. As discussed above, during the previously extended Exclusive Filing Period, the Debtor received several expressions of interest in connection with a potential transaction for the disposition of NYC Opera which the Debtor continues to evaluate in light of the circumstances of this case. Termination of the Exclusive Periods now would be a serious detriment to the Debtor's ability to negotiate and structure any such transfer.

26. Relief similar to that requested herein has been granted to debtors in this jurisdiction in other chapter 11 cases. *See, e.g., In re Arcapita Bank B.S.C.(C), et al.* No. 12-11076 (SHL) (Bankr. S.D.N.Y. Jul. 11, 2012 and Oct. 12, 2012 and Jan. 9, 2013 and Feb. 1, 2013 and Apr. 26, 2013); *In re Holsted Marketing, Inc.*, No. 12-13672 (JMP) (Bankr. S.D.N.Y. Dec. 18, 2012); *In re Pinnacle Airlines Corp.*, No. 12-11343 (REG) (Bankr. S.D.N.Y. Jul. 17, 2012 and Jan. 14, 2013 and Apr. 3, 2013); *In re Barquet Group, Inc.* No. 11-13116 (MG) (Bankr. S.D.N.Y. Nov. 19, 2011 and Feb. 29, 2012).

27. Based upon the foregoing, the Debtor respectfully submits that cause exists to further extend the Debtor's Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

### **NOTICE**

28. Notice of this Motion has been given to (i) the Office of the United States Trustee for Region 2, Attn: Susan D. Golden, Esq.; (ii) the New York State Attorney General, Attn: Rose Firestein, Esq.; (iii) counsel to the Committee; and (iv) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter the Order substantially in the form attached hereto as **Exhibit A**; and (b) grant the Debtor such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: June 30, 2014  **LOWENSTEIN SANDLER LLP**

/s/ *Nicole Stefanelli*
Kenneth A. Rosen
Nicole Stefanelli
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
nstefanelli@lowenstein.com

*Counsel to the Debtor and Debtor in Possession*

# **<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>New York City Opera, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 13-13240 (SHL) |

**THIRD ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS IN WHICH
TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

Upon consideration of the motion (the "**Motion**")[1] of the Debtor, for entry of an order (i) further extending the period during which the Debtor has the exclusive right to file a plan (the "**Exclusive Filing Period**") for an additional ninety-one (91) days, from June 30, 2014 through and including September 29, 2014 and (ii) further extending the period during which the Debtor has the exclusive right to solicit acceptances of any such plan (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**") for an additional ninety-one (91) days, from August 29, 2014 through and including November 28, 2014, or approximately sixty (60) days after the expiration of the Exclusive Filing Period, as extended, without prejudice to seek further extensions of the Exclusive Periods; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference* dated February 1, 2012 (Preska, C.J.); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

22341/2
06/30/2014 30445938.1

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtor's Exclusive Filing Period is hereby extended through and including September 29, 2014.

3. The Debtor's Exclusive Solicitation Period is hereby extended through and including November 28, 2014.

4. The extension of time granted pursuant to this Order shall be without prejudice to the Debtor's right to request further extensions of the Exclusive Periods or to seek other appropriate relief.

5. The Debtor shall not file a plan without providing the Committee with an advance copy of any such plan which the Committee shall have no less than fourteen (14) days to review and consult with the Debtor concerning such proposed plan.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the local rules of this Court are satisfied by such notice.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____ \_\_\_, 2014
      New York, New York           _____
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE