**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| New York City Opera, Inc. | Case No. 13-13240 (SHL) |
| Debtor. | |

### ORDER APPROVING (A) BIDDING PROCEDURES, (B) CERTAIN BID PROTECTIONS, (C) FORM AND MANNER OF SALE NOTICE, AND (D) SALE HEARING DATE

This matter having been brought before the Court by the above-captioned debtor and debtor in possession (the "**Debtor**") upon the *Debtor's Motion for Orders (I) Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form and Manner of Sale Notice, and (D) Sale Hearing Date, (II) Authorizing the Debtor to Enter Into the Assigned Contract, and (III) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, and Encumbrances*, dated December 10, 2014 [Docket No. 213] (the "**Motion**");[1] and upon the record of the docket in the Chapter 11 Case; and upon the record of the hearing conducted on December 22, 2014 (the "**Bidding Procedures Hearing**"); and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon,

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.      Jurisdiction and Venue.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Statutory Predicates.  The statutory and other legal predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002,

---

[1]      Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion or the Asset Purchase Agreement (as defined in the Motion), as applicable.

6004, 7052, 9007, and 9014, and Local Rules 2002-1, 6004-1 and 9006-1(b) and the Amended

Guidelines for the Conduct of Asset Sales, General Order M-383 of the Bankruptcy Court for the

Southern District of New York (the "**SDNY Sale Guidelines**").

        C.        <u>Final Order</u>.  This Order constitutes a final and appealable order within the

meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), the Court expressly

finds that there is no just reason for delay in the implementation of this Order, and expressly

directs entry of this Order as set forth herein.

        D.        <u>Notice</u>.  As evidenced by the affidavits and/or certificates of service

previously filed with the Court, the reasons set forth in the Motion and representations of counsel

at the Bidding Procedures Hearing (1) good and sufficient cause exists to shorten the time period

required Bankruptcy Rule 2002 or other rule for notice of hearing on the Motion; (2) proper,

timely, adequate and sufficient notice of the Motion and this Order has been provided by the

Debtor to all parties entitled to notice in accordance with sections 105(a), 363 and 365 (to the

extent applicable) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014 and (3)

such notice, and the form and manner thereof, was good, sufficient and appropriate under the

circumstances.

        E.        <u>Opportunity to Object</u>.  A reasonable opportunity to object or be heard

with respect to the Motion and the relief requested therein has been afforded to all interested

persons and entities.

        F.        <u>Bidding Procedures Are Reasonable and Appropriate</u>.  The Debtor has

demonstrated good and sufficient reasons for the Court to approve the Motion including, without

limitation, approval of the Bidding Procedures (as defined below), the form and manner of notice

of the Motion and the Sale Hearing.  The Bidding Procedures are reasonable and appropriate.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.      Findings of Fact and Conclusions of Law.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

2.      Notice.  As evidenced by the affidavits and/or certificates of service previously filed with the Court, the reasons set forth in the Motion and representations of counsel at the Bidding Procedures Hearing (1) good and sufficient cause exists to shorten the time period required Bankruptcy Rule 2002 or other rule for notice of hearing on the Motion; (2) proper, timely, adequate and sufficient notice of the Motion and this Order has been provided by the Debtor to all parties entitled to notice in accordance with sections 105(a), 363 and 365 (to the extent applicable) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014 and (3) such notice, and the form and manner thereof, was good, sufficient and appropriate under the circumstances.

3.      Objections.  All objections and responses, if any, to the Motion or this Order that have not been withdrawn, waived or settled as announced to the Court or by stipulation filed with the Court or pursuant to the terms of this Order, and all reservations of rights included therein, are hereby overruled on the merits, with prejudice.  All persons and entities given notice of the Motion and this Order that failed to timely object thereto are deemed to consent to the relief herein.

4.      The following procedures (the "**Bidding Procedures**") for the submission of competing offers (each, a "**Bid**") by any potential bidder (each, a "**Bidder**") are hereby approved:

(a)     Assets To Be Sold. The assets proposed to be sold are the Acquired Assets
        (as defined and as more fully set forth in section 2.1 of the Asset Purchase
        Agreement). Competing Bids shall not include the Debtor's endowment
        and other donor-restricted funds (together, the "**Endowment**") as an
        Acquired Asset.

(b)     As Is, Where Is. The sale of the Acquired Assets shall be on an "as is,
        where is" basis and without representations or warranties of any kind,
        nature, or description by the Seller, its agents, or estate, except, with
        respect to Buyer, to the extent set forth in the Asset Purchase Agreement
        and, with respect to a Successful Bidder (defined below), to the extent set
        forth in the relevant purchase agreement of such Successful Bidder
        approved by the Bankruptcy Court.

(c)     Free of Any and All Claims and Interests. The Acquired Assets shall be
        sold free and clear, to the fullest extent available under the Bankruptcy
        Code or any other applicable law, of all liens (statutory, contractual, or
        otherwise), claims (including those that constitute a "claim" as defined in
        Bankruptcy Code 101(5)), rights, liabilities, encumbrances and other
        interests of any kind or nature whatsoever, and all Excluded Liabilities (all
        of the foregoing (excluding the Assumed Liabilities) are hereinafter
        collectively referred to as "**Claims**") and the Claims shall attach to the net
        proceeds of the sale of such Assets.

(d)     Participation Requirements. To ensure that only Bidders with a serious
        interest in the purchase of the Purchased Assets participate, the Bidding
        Procedures provide for certain minimal requirements for a Bidder to
        become a "**Qualified Bidder**." These requirements include that the
        Bidder must provide, in form and substance satisfactory to the Debtor, in
        advance of the Bid Deadline (defined below), the following: (i) an
        executed confidentiality agreement, in form and substance satisfactory to
        the Debtor, (ii) proof of such Bidder's not-for-profit status and a mission
        statement compatible with that of the Debtor, and (iii) certain financial
        assurances as to such Bidder's ability to close a transaction. Any party
        who has previously submitted a proposal to the Debtor shall automatically
        be deemed a Qualified Bidder.

(e)     Due Diligence. Qualified Bidders may request additional information
        regarding the Acquired Assets and conduct due diligence after executing
        and delivering an executed confidentiality agreement, in form and
        substance satisfactory to the Debtor. The Debtor will coordinate all
        reasonable requests for additional information and due diligence through
        the date that is one (1) business day prior to the Bid Deadline.

(f)     Bid Deadline. The Debtor proposes a bid deadline of **January 12, 2015
        at 11:00 a.m. (prevailing Eastern time)** (the "**Bid Deadline**"). All bids
        must be submitted on or before the Bid Deadline to (i) counsel for the

-4-

Debtor, Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Kenneth A. Rosen, Esq., krosen@lowenstein.com and Nicole Stefanelli, Esq., nstefanelli@lowenstein.com; (ii) counsel to the Committee, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018, Attn: Sean C. Southard, Esq., ssouthard@klestadt.com; (iii) counsel to Buyer, Duane Morris, LLP, 1540 Broadway, 14th Floor, New York, New York  10036, Attn: Gerard S. Catalanello, Esq., gcatalanello@duanemorris.com and James J. Vincequerra, Esq., jvincequerra@duanemorris.com; and (iv) the Office of the United States Trustee for the Southern District of New York, Attn: Susan D. Golden, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.  Bids may be submitted via electronic mail.

(g)    Qualified Bid Requirements.  All Bids must be in writing, on terms at least as favorable to the Debtor as the Asset Purchase Agreement, and include the following: (i) a binding, executed, definitive agreement, substantially in the form of the Asset Purchase Agreement and marked to show the amendments and modifications thereto, offering: (x) cash consideration of at least ten thousand dollars ($10,000) plus the following: (i) a break-up fee and expense reimbursement payable to Buyer in the event that the Acquired Assets are sold to a competing bidder of ten thousand dollars ($10,000) and ten thousand dollars ($10,000), respectively, and (ii) a minimum overbid of twenty thousand dollars ($20,000), and (z) the assumption of all the Assumed Liabilities; (ii) confirmation that the Bidder's offer is irrevocable until immediately following the closing of the Sale; (iii) evidence of a binding commitment for financing, available cash, undrawn lines of credit, or other ability to obtain the funds necessary to consummate the proposed transaction; (iv) a commitment to consummate the purchase of the Acquired Assets within not more than seven (7) days after entry of the Sale Order by the Bankruptcy Court, but in no event later than January 22, 2015 and (v) evidence of corporate authority to enter into such transaction (such a Bid, a "**Qualified Bid**").  A Qualified Bid must not contain any conditions to closing other than Bankruptcy Court approval.  A Qualified Bid must not include the Endowment as an Acquired Asset.

Each Qualified Bidder, by submitting a Bid, shall be deemed to acknowledge and agree that it (i) is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Debtor and its respective agents and representatives, regarding the Acquired Assets, the Bidding Procedures or any information provided in connection therewith except for such representations and warranties contained in the asset purchase agreement to be signed by the Debtor, and (ii) consents to the jurisdiction of the Bankruptcy Court.

(h)     **Auction Required**.  If more than one Qualified Bid is submitted by the Bid Deadline, the Debtor shall conduct a public auction (the "**Auction**") at the Sale Hearing (defined below), in accordance with the following procedures: (i) by 5:00 p.m. (prevailing Eastern time) on January 15, 2015, the Debtor will (a) notify each Qualified Bidder that has timely submitted a Qualified Bid that its Bid is a Qualified Bid,(b) provide such Qualified Bidders with copies of all Qualified Bids and (c) notify all Qualified Bidders ofthe Qualified Bid(s) that the Debtor believes is the highest or otherwise best offer for the Acquired Assets (the "**Baseline Bid(s)**") and (ii) bidding at the Auction will begin with the Baseline Bid(s), and conclude after each participating Qualified Bidder has had the opportunity to submit one or more additional Bids.

The Debtor, in consultation with the Committee, may conduct the Auction, and adopt additional rules with respect thereto, in the manner the Debtor and the Committee determine in their reasonable discretion will result in the highest and best Bids for the Acquired Assets, all such changes, if challenged, subject to the ultimate approval of the Court

After the conclusion of the Auction, the Debtor, in consultation with the Committee, shall select the highest or otherwise best Qualified Bid(s), and shall request approval to enter into and consummate such transaction(s) (the "**Successful Bid(s)**") with the Bidder(s) making such Bid(s) (the "**Successful Bidder(s)**"); provided, however, that the Debtor may request an adjournment of the Sale Hearing if the Debtor determines that it needs more time to select the Successful Bidder following the Auction.

(i)     **No Auction Required**.  If no Qualified Bids are submitted by the Bid Deadline, the Debtor shall not conduct the Auction.

(j)     **Sale Hearing**.  The Debtor seeks to have a hearing to consider approval of the sale (the "**Sale Hearing**") on **January 20, 2015 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Room 701, New York, New York 10004.  The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.  If the Debtor receives more than one Qualified Bid, then, at the Sale Hearing, the Debtor shall seek approval of the Successful Bid(s), and may also seek approval of the second highest or best Qualified Bid (the "**Alternate Bid(s)**" and such Bidder, the "**Alternate Bidder(s)**").

The Debtor will not be bound by the Successful Bid(s) or Alternate Bid(s) unless and until such Bids shall have been approved by the Bankruptcy Court pursuant to an unstayed order.  Following approval of the sale to the Successful Bidder(s), if the Successful Bidder(s) fail to consummate the

sale for any reason, then the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Debtor will effectuate a sale to the Alternate Bidder(s) without further order of the Bankruptcy Court, and the Debtor and any other person may pursue any and all remedies available under law against the Successful Bidder(s) in connection with its failure to consummate such sale.

(k) **Reservation of Rights**. Notwithstanding anything to the contrary herein, the Debtor reserves the right, in its business judgment, and in consultation with the Committee, to modify the Bidding Procedures at any time, with notice to Bidders and potential Bidders, including, without limitation, to (i) adjourn the Auction, the Sale Hearing or any of the dates set forth herein one or more times for any reason, (ii) terminate the Bidding Procedures at any time to pursue confirmation of a chapter 11 plan or an alternative restructuring strategy that maximizes value for the Debtor's estate, (iii) determine which Qualified Bid, if any, is the Successful Bid and the Alternate Bid, (iv) reject at any time, any Bid that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the proposed sale, or (c) contrary to the best interests of the Debtor, the Debtor's estate and creditors, or (v) accept as a Qualified Bidder or Qualified Bid a Bidder or Bid that does not otherwise meet the requirements set forth in the Bidding Procedures.

5.     Approval of Bid Protections. The Bid Protections, as incorporated into paragraph 4(g) of this Order, are hereby approved.

6.     Notice of Sale. Notice of the Motion and the Sale Hearing shall be good and sufficient, and no other or further notice shall be required, if given as follows:

A.     Within two (2) business days after entry of the this Order (the "**Mailing Date**"), notice of the proposed sale substantially in the form attached as **Exhibit 1** hereto (the "**Sale Notice**") and a copy of this Order shall be served by either electronic mail or first-class mail, postage prepaid, upon: (i) the Office of the United States Trustee for Region 2, Attn: Susan D. Golden, Esq.; (ii) counsel to the Committee; (iii) counsel to Buyer; (iv) the counterparty to the Assigned Contract; (v) the New York State Attorney General, Attn: Paula Gellman, Esq., Enid Stewart, Esq. and Rose Firestein, Esq.; (vi) the United States Attorney's office; (vii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the Acquired Assets; (viii) all known creditors of the Debtor; (ix) any entities

known or reasonably believed to have expressed an interest in acquiring the Acquired Assets; and (x) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.  Additionally, the Buyer may electronically publish the Sale Notice on an appropriate industry news website.

B.    Any party objecting to the proposed sale to Buyer or the manner in which the Bidding Procedures are carried out shall file an objection (the "**Sale Objection**") on or before **January 12, 2015 at 11:00 a.m.  (prevailing Eastern time)** (the "**Sale Objection Deadline**") and serve a copy of the Sale Objection, so as to be actually received by the Sale Objection Deadline, upon (i) counsel for the Debtor, Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Kenneth A. Rosen, Esq. and Nicole Stefanelli, Esq.; (ii) counsel to the Committee, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018, Attn: Sean C. Southard, Esq.; (iii) counsel to Buyer, Duane Morris, LLP, 1540 Broadway, 14th Floor, New York, New York  10036, Attn: Gerard S. Catalanello, Esq. and James J. Vincequerra, Esq.; and (iv) the Office of the United States Trustee for the Southern District of New York, Attn:  Susan D. Golden, Esq., U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.

C.    The failure of any objecting person or entity to timely file its objection by the Sale Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, or the Debtor's consummation and performance of the sale contemplated by the Motion and any agreements related thereto, if authorized by the Court, except with respect to any objection relating solely to facts or circumstances that came into existence following the Sale Objection Deadline.

D.    The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

7.      <u>Order Immediately Enforceable</u>.    Notwithstanding  the  provisions  of

Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be

stayed  for  fourteen  (14)  days  after  the  entry  hereof,  but  shall  be  effective  and  enforceable

immediately upon entry.

8.      <u>Retention of Jurisdiction</u>.    This Court shall retain jurisdiction to hear and

determine all matters arising from the implementation of this Order.  If there is any discrepancy

between the Motion, the Bidding Procedures, and/or this Order, this Order shall control.


Dated: December 22, 2014


                                        */s/ Sean H. Lane*
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**
**Sale Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>New York City Opera, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 13-13240 (SHL) |

## NOTICE OF SALE OF CERTAIN ASSETS AT AUCTION

**PLEASE TAKE NOTICE** that pursuant to the *Order Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form and Manner of Sale Notice, and (D) Sale Hearing Date* dated [      ], 2014 [Docket No. ___] (the "**Bidding Procedures Order**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), the above-captioned debtor and debtor in possession (the "**Debtor**") is offering for sale certain of its assets (the "**Acquired Assets**").  Capitalized terms used but not otherwise defined in this notice (the "**Sale Notice**") shall have the meanings ascribed to them in the Bidding Procedures Order, a copy of which is enclosed.

**PLEASE TAKE FURTHER NOTICE** that the Debtor intends to sell and transfer the Acquired Assets (including the Debtor's trademark "New York City Opera," U.S. Registration No. 1243203) free and clear of Claims as more specifically described in the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that all interested parties are invited to make offers to purchase the Acquired Assets in accordance with the terms and conditions approved by the Bankruptcy Court (the "**Bidding Procedures**").  Pursuant to the Bidding Procedures, the Debtor may conduct an auction for the Acquired Assets (the "**Auction**") at the hearing to consider approval of the sale (the "**Sale Hearing**") on **January 15, 2015 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Room 701, New York, New York 10004.  The

Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that the Debtor reserves the right, in its business judgment, and in consultation with the Committee, to modify the Bidding Procedures at any time, with notice to Bidders and potential Bidders, including, without limitation, to (i) adjourn the Auction, the Sale Hearing or any of the dates set forth herein one or more times for any reason, (ii) terminate the Bidding Procedures at any time to pursue confirmation of a chapter 11 plan or an alternative restructuring strategy that maximizes value for the Debtor's estate, (iii) determine which Qualified Bid, if any, is the Successful Bid and the Alternate Bid, (iv) reject at any time, any Bid that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the proposed sale, or (c) contrary to the best interests of the Debtor, the Debtor's estate and creditors, or (v) accept as a Qualified Bidder or Qualified Bid a Bidder or Bid that does not otherwise meet the requirements set forth in the Bidding Procedures.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is qualified in its entirety by the Bidding Procedures Order.

Dated:  December ____, 2014

**LOWENSTEIN SANDLER LLP**

 /s/  *DRAFT*
Kenneth A. Rosen
Nicole Stefanelli
1251 Avenue of the Americas
New York, New York 10020

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
nstefanelli@lowenstein.com

*Counsel to the Debtor and Debtor in Possession*

-2-