**Hearing Date: January 20, 2014**
**Objection Deadline: January 12, 2014**

COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
Telephone: 212-563-4100
Facsimile: 212-695-5436
Bruce H. Simon
David R. Hock

Attorneys for the American Guild of Musical Artists
and Local 802, American Federation of Musicians

BREDHOFF & KAISER, PLLC
805 15th Street, N.W.
Suite 1000
Washington, DC  20005
Telephone:  202-842-2600
Jeffrey Freund

Attorneys for the American Federation of
Musicians and Employers Pension Fund

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re:                                                            :   Chapter 11
                                                                  :
New York City Opera, Inc.,                                        :   Case No.: 13-13240(SHL)
                                                                  :
                             Debtor.                              :
                                                                  :
------------------------------------------------------------------ x

**LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDERS (I) APPROVING (A) BIDDING PROCEDURES, (B) CERTAIN BID PROTECTIONS, (C) FORM AND MANNER OF SALE NOTICE, AND (D) SALE HEARING DATE, (II) AUTHORIZING THE DEBTOR TO ENTER INTO THE ASSIGNED CONTRACT, AND (III) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

The American Guild of Musical Artists ("AGMA"), Local 802 of the American Federation of Musicians ("Local 802"), and the American Federation of Musicians and Employers Pension Fund (the "Pension Fund"), creditors and parties in interest in the above-referenced proceeding, respectfully submit this limited objection to the Debtor's Motion For Orders (I) Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form And Manner of Sale Notice, And (D) Sale Hearing Date, (II) Authorizing the Debtor To Enter into the Assigned Contract, and (III) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, and Encumbrances (the "Motion"), and state as follows:

1. While the Motion is structured as a sale of assets, the Motion effectively determines the reorganization of the New York City Opera through a sale of the name and the thrift store business to NYCO Renaissance LTD ("Renaissance") for a small down payment plus a stream of payments over the next ten years. Because the majority of the compensation for the bankruptcy estate is to be made well into the future, it is essential that any purchaser be able to demonstrate that it will be capable of producing opera in New York City for years to come.

2. Unlike most bankruptcy sales where the purchaser intends to use the assets to operate a business, competing bidders in this case are bidding to determine who may continue their philanthropy and direct the future of a revitalized New York City Opera. As such, a sale of the New York City Opera name to the highest bidder may not be the best alternative.

3. Producing opera requires singers and musicians. Unless the winning bidder is able to reach agreements with both AGMA and Local 802, it is unlikely that it will be able to successfully produce opera in New York.

4. Under the proposed structure, any recovery for the bankruptcy estate is dependent upon a purchaser who can successfully operate an opera for years and entails significantly more than writing a check at closing. To have any chance of paying the purchase price, the winning bidder must plan and promote ten seasons of opera and raise the funds necessary to pay the costs of producing those seasons.

5. Accordingly, the Court should not approve a sale unless the winning bidder is able to demonstrate that it can perform under the proposed asset sale agreement.

6. The proposed sale procedures prohibit a competing bidder from seeking the Debtor's largest asset—its Endowment (as defined in the Motion). The Debtor listed the value of the Endowment in its Schedules as approximately $4.5 million, Schedule D [Docket. No. 38] at 8-9, nearly five time the total value of the proposed sale.

7. While an endowment fund should not be up for sale, committing to a transaction which does not provide the purchaser with any understanding regarding whether it will be able to receive any of Endowment will not provide for the highest and best bids.

8. New York City Opera filed for bankruptcy on October 3, 2013. In the affidavit supporting the first day motions, General Manager and Artistic Director George Steel stated that the Debtor was "currently evaluating the restrictions on each endowment fund, restricted fund, gift and grant and whether any such restrictions may be lifted in accordance with applicable law, and brought into the Debtor's estate." Declaration of George Steel dated October

3, 2014 [Docket No. 2] at ¶ 26. More than a year later, "the Board is still in the process of deciding on the most appropriate disposition of these assets." Motion at ¶59.

9.  The proposed sale likely commits the Debtor to a liquidation and the cessation of its charitable purposes. The proposed sale, however, is essentially the reorganization of the New York City Opera through a sale of assets to a new entity. Although the Debtor and Renaissance have agreed to an asset sale, there is no explanation as to why this mechanism is preferable to emerging from bankruptcy pursuant to a plan of reorganization with the Debtor's interest in the Endowment to support its future.[1]

10.  Thus, this Court is being asked to approve a sale of assets which could remove the claims the estate may have to Endowment without any evidence or analysis of why the Debtor made this choice.

11.  AGMA and Local 802 object to the approval of the Assigned Contract to the extent that the Assigned Contract does not provide that Lincoln Center for the Performing Arts, Inc. has agreed to honor the residual and other rights the musicians have in the underlying recording.

12.  If the proposed sale closes, but the winning bidder is unable to successfully produce opera in New York, not only will the estate not receive the purchase price, but the Debtor will have no opportunity to reorganize because its name and reputation were sold to the highest bidder.

WHEREFORE, AGMA, Local 802, and the Pension Fund respectfully request that the Court deny the Motion unless Debtor demonstrates that a sale of assets is in the best

---

[1] Although both the Debtor and the Attorney General of the State of New York address the Debtor's interest in its Endowment, that issue is not directly before the Court. AGMA, Local 802, and the Pension Fund reserve their right to assert that all or part of the Endowment is property of the estate or may be subject to paying claims of their members.

interest of the estate and the purchaser demonstrates that it is capable of producing opera in New York City for years to come, and for such other relief as is just and proper.

Dated: New York, New York
January 12, 2015

Respectfully submitted,

By /s/ David R. Hock
Bruce H. Simon
David R. Hock
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
T: 212-563-4100
F: 212-695-5436

Attorneys for AGMA and Local 802

/s/ Jeffrey Freund
Jeffrey Freund
jfreund@bredhoff.com
BREDHOFF & KAISER, PLLC.
805 15th Street, N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600
Attorneys for the American Federation of Musicians and Employers Pension Fund