**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen
S. Jason Teele
Nicole Stefanelli
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| New York City Opera, Inc. | Case No. 13-13240 (SHL) |
| Debtor. | |

**NOTICE OF WITHDRAWAL WITHOUT PREJUDICE OF** *DEBTOR'S MOTION FOR ORDERS (I) APPROVING (A) BIDDING PROCEDURES, (B) CERTAIN BID PROTECTIONS, (C) FORM AND MANNER OF SALE NOTICE, AND (D) SALE HEARING DATE, (II) AUTHORIZING THE DEBTOR TO ENTER INTO THE ASSIGNED CONTRACT, AND (III) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES*

**PLEASE TAKE NOTICE** that New York City Opera, Inc., the above-captioned debtor and debtor in possession ("**NYCO Opera**" or the "**Debtor**"), pursuant to Paragraph 4(k) of the Bidding Procedures Order (defined below)[1], withdraws without prejudice the *Debtor's*

---

[1] Paragraph 4(k) states: "Notwithstanding anything to the contrary herein, the Debtor reserves the right, in its business judgment, and in consultation with the Committee, to modify the Bidding Procedures at any time, with notice to Bidders and potential Bidders, including, without limitation, to … (ii) terminate the Bidding Procedures at any time to pursue confirmation of a chapter 11 plan or an alternative restructuring strategy that maximizes value for the Debtor's estate . . ."

*Motion for Orders (I) Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form and Manner of Sale Notice, and (D) Sale Hearing Date, (II) Authorizing the Debtor to Enter Into the Assigned Contract, and (III) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, and Encumbrances* [Docket No. 213] (the "**Sale Motion**").[2]  For the benefit of the Court and all parties in interest, set forth below is the basis for the Debtor's determination to withdraw the Sale Motion at this juncture.

1. Shortly after the commencement of this chapter 11 proceeding, the Debtor received expressions of interest from various parties regarding the future of NYC Opera.  For more than a year, a Special Committee appointed by the Debtor's Board of Directors (the "**Special Committee**") met to discuss the proposals submitted by potentially interested bidders.  The Special Committee ultimately decided to recommend the proposal by NYCO Renaissance LTD (a 501(c)(3) entity led by Michael Capasso and Roy G. Niederhoffer) ("**NYCO Renaissance**") for the purchase of the Debtor's thrift shop, trademark and certain additional intellectual property (collectively, the "**Assets**"), subject to higher and better offers and further subject to the approval of the Court.  On September 22, 2014, the Board voted to accept the proposal submitted by NYCO Renaissance, as recommended by the Special Committee.

2. Thereafter, the Debtor negotiated the terms of an asset purchase agreement with NYCO Renaissance, which was executed on December 5, 2014 (the "**NYCO Renaissance APA**").  On December 10, 2014, the Debtor filed the Sale Motion seeking approval of the NYCO Renaissance APA, subject to higher and better offers pursuant to the Bidding Procedures.  On December 22, 2014, the Court entered the *Order Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form and Manner of Sale Notice, and (D) Sale Hearing Date* (the "**Bidding Procedures Order**").

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion.

3. Pursuant to the Bidding Procedures Order, potential bidders were invited to submit competing bids by January 12, 2015 at 11:00 a.m. (the "**Bid Deadline**"). The Debtor received one competing bid before the Bid Deadline – the bid of New Vision for NYC Opera, Inc., formerly known as Opera New York, Inc. (the "**Competing Bidder**").

4. On January 20, 2015, the Court held the Auction pursuant to the Bidding Procedures Order. As announced to the Court at a telephonic hearing held on January 22, 2015, the Debtor determined, in its business judgment and after consulting with the Creditors' Committee, that the NYCO Renaissance APA represented the highest and best offer for the Assets and, therefore, selected NYCO Renaissance as the Successful Bidder. The Competing Bidder advised the Court that it would contest this decision. In the ensuing time period, the parties engaged in discovery and negotiations in preparation for a contested hearing to approve the sale of the Assets to NYCO Renaissance.

5. On February 10, 2015, through a telephone call and, ultimately, a motion to seek relief from the automatic stay filed by the executors, the Debtor learned that it stood to receive a substantial bequest from the Estate of Pierre DeMenasce ("**DeMenasce**") in the amount of $250,000, plus ten-percent (10%) of Mr. DeMenasce's residual estate (the "**Bequest**"). The Debtor believes the total value of the Bequest is approximately $5,500,000. Although the Debtor was notified that it was a beneficiary of Mr. DeMenasce's estate shortly after his death on September 11, 2013, the Debtor did not learn of the magnitude of the Bequest until February 2015.

6. Upon learning of the amount of the Bequest, the Debtor consulted with the Creditors' Committee. The Debtor and the Creditors' Committee met with various parties, including NYCO Renaissance, the Competing Bidder and the New York State Attorney General, in order to determine if a plan of reorganization (a "**Plan**") was more appropriate than continuing with the sale in light of the Bequest and the legal process that would be required in order to preserve the Bequest for use in fulfilling the mission of NYC Opera in the future.

7.     As stated on the record of the status conference held on June 29, 2015, the Creditors' Committee and NYCO Renaissance have concluded that a Plan presents the best opportunity to preserve the Bequest for use fulfilling the mission of NYC Opera in the future. Based upon the foregoing, NYCO Renaissance has further advised the Debtor that it does not wish to proceed with the sale and that it will presently file a Plan and proceed to seek confirmation of such Plan. In addition, although the New York State Attorney General has not announced a position with respect to this issue, it has indicated that a Plan (as opposed to the sale) presents fewer obstacles to the preservation of the Bequest for the benefit of its intended purpose, to support NYC Opera. After consultation with counsel, the Special Committee and the Board determined that withdrawing the Sale Motion to permit any party in interest who wishes to do so to submit and seek confirmation of a Plan is in the best interests of the Debtor, its estate and creditors.

8.     The Creditors' Committee has advised the Debtor and the Court that it will oppose the Sale Motion on the basis that pursuing a plan of reorganization, rather than a sale, is in the best interests of the Debtor's estate.

9.     The Debtor notes that because its exclusive periods to file a Plan and solicit acceptances thereof have terminated by operation of law, any party in interest is able to submit a Plan and pursue confirmation thereof. To the extent that multiple parties submit multiple Plans, the Debtor intends to request that the Court consider them according to the same schedule so that each Plan has an equivalent opportunity of being fully vetted by the Court and parties in interest, and so creditors' votes can be solicited at the same time to reduce confusion and increase judicial economy. Crucially, because no party has filed a Plan with the Court or presented the Debtor with a draft Plan, the Debtor is unable to support a specific party's Plan at this juncture, but reserves the right to do so at a later date based upon, among other things, the Debtor's review of any Plans timely submitted to the Court.

Respectfully submitted,

Dated: July 13, 2015    **LOWENSTEIN SANDLER LLP**

/s/ *Nicole Stefanelli*
Kenneth A. Rosen
S. Jason Teele
Nicole Stefanelli
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
steele@lowenstein.com
nstefanelli@lowenstein.com

*Counsel to the Debtor and Debtor in Possession*