UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| New York City Opera, Inc. | Case No. 13-13240 (SHL) |
| Debtor. | |

### CONSENT ORDER REGARDING SALE MOTION

This matter having been brought before the Court by the above-captioned debtor and debtor in possession (the "**Debtor**") upon the (1) Notice of Withdrawal Without Prejudice of *Debtor's Motion for Orders (I) Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form and Manner of Sale Notice, and (D) Sale Hearing Date, (II) Authorizing the Debtor to Enter Into the Assigned Contract, and (III) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, and Encumbrances*, dated July 13, 2015 [Docket No. 273] (the "**Notice**") and (2) *Debtor's Motion for Orders (I) Approving (A) Bidding Procedures, (B) Certain Bid Protections, (C) Form and Manner of Sale Notice, and (D) Sale Hearing Date, (II) Authorizing the Debtor to Enter Into the Assigned Contract, and (III) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, and Encumbrances*, dated December 10, 2014 [Docket No. 213] (the "**Sale Motion**");[1] and for good cause shown;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Sale Motion is hereby adjourned without date.

2. The rights of all parties in connection with the Sale Motion are preserved in all respects. Without limiting the foregoing, the Notice shall be deemed a motion to withdraw the Sale Motion and the *Statement of New Vision for NYC Opera, Inc. with Respect to NYC Opera, Inc.'s Notice to Withdraw its Sale Motion* [Docket No. 277] (the "**Statement**") is deemed a timely filed response to the Notice. The Statement filed by New Vision for NYC Opera, Inc.

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Notice or Sale Motion, as applicable.

("**New Vision**") shall remain filed as a restricted document on the Court's docket pending the conclusion of the Chambers Conference (defined below), <u>provided</u>, <u>however</u>, that New Vision shall provide an unredacted copy of the Statement to (a) the Court, (b) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), (c) the Attorney General for the State of New York (the "**AG**") and (d) the following parties: (i) the Debtor, (ii) the Official Committee of Unsecured Creditors (the "**Committee**"), and (iii) NYCO Renaissance LTD ("**NYCO Renaissance**") (collectively with New Vision, the "**Parties**"); <u>provided</u>, <u>further</u>, <u>however</u>, that if the Parties do not reach a settlement prior to or during the Chambers Conference, the Parties shall meet and confer regarding the redaction of the Statement and the Appendix of Exhibits for the Statement (the "**Appendix**") and New Vision shall file an agreed upon redacted version of the Statement and Appendix (the "**Redacted Statement and Appendix**"). No Party shall be required to file a reply to the Statement (each, a "**Reply**") unless and until the Parties agree to renew the Sale Motion, at which time the Parties shall agree upon a deadline for any Party to file a Reply, which shall not be prior to such time as the Redacted Statement and Appendix were filed. The Parties shall meet and confer regarding the redaction of any Reply prior to its filing. In the event of any dispute regarding the redaction of the Statement, Appendix or any Reply, the Parties shall request that the Court adjudicate the dispute prior to any such document being filed.

3.    The Debtor's exclusive periods to file a plan of reorganization and solicit acceptances thereof have expired by operation of 11 U.S.C. § 1121. Accordingly, any party, including the Debtor, may file a disclosure statement and plan of reorganization for the Debtor. NYCO Renaissance has previously advised the Court and parties that it intends to propose a plan of reorganization. To the extent NYCO Renaissance elects to propose a plan of reorganization, it shall file with the court and serve its disclosure statement and plan of reorganization (together with all exhibits and other supporting documents, if any) on or before **August 24, 2014 at 5:00 p.m. (Eastern time)**. Any other party wishing to propose a plan of reorganization for the Debtor shall file with the court and serve its disclosure statement and plan of reorganization (together

with all exhibits and other supporting documents, if any) on or before **September 4, 2015 at 5:00 p.m. (Eastern time)**.

4. The Debtor, the proponent(s) of any filed disclosure statement(s) and plan(s) of reorganization, and the Creditors' Committee shall promptly meet and confer (which may be conducted by telephone conference) to establish a schedule for the Court's joint consideration of any filed disclosure statement(s) and any related matters. The Debtor shall submit to the Court the parties' joint proposed scheduling order on or before **September 18, 2015 at 5:00 p.m. (Eastern time)**.

5. The Court will hold an initial Chambers' conference regarding settlement of this matter on **August 18, 2015 at 3:30 p.m.** and such additional conferences as may be necessary (collectively, the "**Chambers' Conference**").  A representative with authority and counsel for (i) each of the Parties, (ii) the US Trustee and (iii) the AG are directed to attend the Chambers' Conference.

6. This Court shall retain jurisdiction to decide all matters relating to this Order.

Dated: August 5, 2015

          */s/ Sean H. Lane*
          HONORABLE SEAN H. LANE
          UNITED STATES BANKRUPTCY JUDGE