**ERIC T. SCHNEIDERMAN, ATTORNEY**
**GENERAL OF THE STATE OF NEW YORK**
Rose Firestein
120 Broadway, 3rd Floor
New York, NY 10271
(212)416-8325
*Statutory Representative of the Ultimate*
*Charitable Beneficiaries*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                      :
In re New York City Opera, Inc.          :          Chapter 11
                                                      :
          Debtor.                                :          Case No. 13-13240 (SHL)
                                                      :
------------------------------------------------------X

## APPENDIX TO

**Affirmation in Support of the New York Attorney General's (1) Response to the Joint Plan for Reorganization Submitted by NYCO Renaissance and the Official Committee of Unsecured Creditors [Docket Nos. 314 and 315] and (2) Objection to New Vision's § 503(b) Application for Expenses Including Counsel Fees [Docket No. 321]**

## VOLUME 3

**Exhibits 5-9**

# EXHIBIT 5

**E-Mail from Debtor's Counsel Addressing
The Estimated Value of the Restricted Funds
And Transmitting Materials Concerning the
Pending Bequests**

**Rose Firestein**

| | |
|---|---|
| **From:** | Stefanie Roth <Stefanie@eyrlaw.com> |
| **Sent:** | Saturday, December 19, 2015 9:26 AM |
| **To:** | Rose Firestein |
| **Cc:** | Stefanelli, Nicole (NStefanelli@lowenstein.com); Catalanello, Gerard S.; Carl L. Distefano; Paula Gellman; Enid Stuart; Teele, S. Jason (STeele@lowenstein.com) |
| **Subject:** | Information Requested NYCO - CONFIDENTIAL |
| **Attachments:** | Schultz Bequest.pdf; Sagar Notice.pdf; Sally Helfman Notice and Bequest.pdf; Virginia Havrilka Notice of Probate and Will.pdf; Marcus Bequest (2).pdf; Letter to Executor 9.17.15.pdf; Letter from Henry Christensen III.pdf; NYCO - Summary List of Bequests as of 12.19.2015.pdf; NYC Opera Endowment & Restricted Fund Balances at 10.31.15.xlsx |

Dear Rose,

Attached is the information you requested on 12/18/2015.

I have included a brief summary of the status of pending bequests, an earlier version of which was shared with NYCOR and the Creditors Committee.  As discussed, I am including information relating to the estate of James Marcus, which is a $500,000 unrestricted bequest which came in recently.  In light of the specific language in the will, there is some question as to whether NYCO would be entitled to the funds.  I have reached out to the estate's attorney as recently as last week, requesting confirmation that no distributions have been made as NYCO has not received any notice of them.  However, I have not received any response.

In addition, as requested, I am providing an update on the values of NYCO's endowment and donor-restricted funds as of October 31, 2015.  The VOX funds were not invested, as they were received shortly before the Chapter 11 proceeding commenced for the 2013-14 VOX program; however, NYCO has maintained them for their restricted purpose.

Please let me know if you have any questions about the attached information.

Best, Stefanie

Stefanie H. Roth
Ewenstein & Roth LLP
5 Columbus Circle, Suite 710
New York, NY 10019
T:  212.877.1405
F:  646.417.7243
Stefanie@eyrlaw.com
www.eyrlaw.com

As required by IRS regulations, any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties and is not intended to be used or referred to in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement.  Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please delete this message and any attachments. Thank you in advance for your cooperation and assistance.

**NEW YORK CITY OPERA**
**FY2016 INVESTMENT FUND ANALYSIS**
**12/17/2015**

| Donor Fund | Original Gift Value | Market Value 10/31/2015 |
|---|---|---|
| **Endowment** | | |
| Wallace | 41,263,353.50 | 3,583,507.05 |
| Air Rights | 2,832,740.36 | 911.17 |
| Block, Leonard | 160,061.50 | 160,181.31 |
| Mary & Donald Oenslager Fund | 500,000.00 | 533,718.89 |
| Crowell | 179,283.23 | 191,373.70 |
| Arthur Gardner | 4,876.52 | 5,205.38 |
| Rita & Herbert Z. Gold Award | 20,000.00 | 23,198.21 |
| Tausend | 30,000.00 | 34,784.30 |
| Ungaro | 35,000.00 | 40,593.35 |
| **TOTAL ENDOWMENT** | **45,015,315.11** | **4,573,481.36** |
| | | |
| **Other Donor Restricted Funds** | | |
| Betty Allen Prize | 83,333.34 | 25,046.45 |
| Christopher Keene Award | 72,000.00 | 7,987.95 |
| Richard F. Gold Debut Artist Award | - | 2,632.55 |
| Stanley Tausend Award | 10,548.00 | 11,051.67 |
| Norman Treigle Award | 54,078.00 | 56,817.32 |
| **TOTAL DONOR RESTRICTED** | **219,959.34** | **105,535.95** |
| | | |
| **UNRESTRICTED DONOR FUNDS NOT IN NYCO POSSESSION** | | |
| Lloyd E. Rigler | - | 58,249.93 |
| Julius Rudel Fund | - | 50,473.74 |
| **FUNDS RESTRICTED TO VOX PROGRAM** | | |
| | 12,500.00 | 12,500.00 |
| | 30,000.00 | 30,000.00 |
| **TOTAL VOX FUNDS** | **42,500.00** | **42,500.00** |
| | | |
| **GRAND TOTAL** | **45,277,774.45** | **4,830,240.97** |

# EXHIBIT 6

## Information Concerning Pending Bequests
## (Redacted)
## Transmitted with Exhibit 5

**CONFIDENTIAL**
**as of 12/19/15**

## Summary of Known Pending Bequests to NYCO

### (other than DeMenasce)

1. Sagar Estate
   a. Name of decedent:  Ines Sagar
   b. Date of death:  2012
   c. Amount of bequest:  Remainder interest of estate (approx. $500,000).
   d. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
      ▆▆▆▆
   e. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
      ▆▆▆▆▆▆▆▆

2. Helfman Estate
   a. Name of decedent:  Sally Helfman
   b. Date of death:  sometime in 2013 – notified of death on March 5, 2014
   c. Amount of bequest: Proceeds from sale of co-op apartment and tangible
      assets.  Estate provided preliminary estimate of net proceeds as
      approximately $700,000.
   d. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
      ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
      ▆▆
   e. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

3. Schultz Estate
  a. Name of decedent: Ingeborg Schultz
  b. Date of death: Summer 2014
  c. Amount of bequest: 25% residuary interest in estate.
  d. 
  e.

(NYCO's share of the remaining assets would be approx. $51,000).

4. New bequests that have come to NYCO's attention since July 2015

I. *Marcus estate*
  a. Name of decedent: James S. Marcus
  b. Date of death: sometime in 2015
  c. Amount of bequest: $500,000, so long as NYCO is "considered a charitable organization at the time of distribution."
  d.
  e.

II. Havrilka estate
  a. Name of decedent: Virginia H. Havrilka
  b. Date of death: January 27, 2014
  c. Amount of bequest: 5% of residuary estate (total estate valued at approximately $600,000 so NYCO share no more than $30,000).
  d.
  e.

# EXHIBIT 7

## E-Mail Thread from NYCO
## Renaissance's Counsel to OAG
## Answering Questions Concerning the Plan

**Rose Firestein**

| | |
|---|---|
| **From:** | Catalanello, Gerard S. <GCatalanello@duanemorris.com> |
| **Sent:** | Monday, December 21, 2015 6:00 PM |
| **To:** | Rose Firestein |
| **Cc:** | Kordas, Anna |
| **Subject:** | NYCO Renaissance's Responses to AG's Questions -- NYCO |

Rose – See below responses in red ink below. Please let us know if you have any other questions or need any other information to assist your office.

---

**From:** Rose Firestein [mailto:Rose.Firestein@ag.ny.gov]
**Sent:** Friday, December 18, 2015 10:45 AM
**To:** Catalanello, Gerard S.
**Subject:** Some questions

Gerard,

I'd like to take you up on your offer to have NYCOR answer some questions for us. I apologize in advance, but I expect that these questions will be posed piecemeal.

Can you please tell me whether the 2015 NYCOR gala ended up with a profit or loss and the size of the profit or loss. As of July 2015, NYCOR's data showed a loss, but we do not have any information for the second half of 2015 and the projections for 2016 include both revenue and expenses from the gala, so I can't tell the final outcome.

The NYCOR Gala had a net gain of $264,770. The projections provided to the AG were subsequently reviewed as part of an audit of NYCOR's books and records by its outside accountants. The audit has been completed and the current financial statement reflects a net gain of $264,770.

Also, can you please describe the nature of the "grants" in the projections and their current status.

The grants are based upon an assumption that, once reorganized, NYCO will be able to raise funds from public and private foundations as well as government sources (DCA, NYSCA, *etc.*). NYCOR has used very conservative estimates and believes that the total amount of grants should be materially higher once NYCO emerges from chapter 11 and the new board engages these foundations and otherwise re-establishes relationships with these potential sources of capital. Further, the amounts utilized in the projections ($250,000 +/-) are but a fraction of the amounts that NYCO actually received in the years before its bankruptcy filing. NYCOR is reasonably confident that, based upon discussions with, and feedback from, these foundations to date, it will be able to enter the funding cycles quickly and meet these modest goals.

1

**What types of services are included in "contract labor" on the projections?  Does this include payments (a) under union contracts (musicians, singers, stagehands, etc.) (b) to individually contracted singers and (c) to the contractors described in the Summary who will essentially pick up any slack created by the Reorganized Debtor's "lean" employee roster?  If any of these categories are not included in the "contract labor" line, where are these costs found on the projections?**

"Contract labor" refers to the fees and costs associated with third party providers (other than lawyers and accountants), including fundraising consultants, technology providers, press and public relations consultants, marketing consultants, *etc.*  The costs associated with the singers and performers are included in the "Cost of Sales" column on the projections as they are part of NYCO's direct production costs.

**What are the restrictions on the $1.25 million pledge from Roy Niederhoffer (under "Other Expenses" on the projections).  Also, if these are the projections for the Reorganized Debtor, why is this pledge an expense?  (It seems to be an expense for NYCOR, but potential income for the Reorganized Debtor.)**

The Pledge by Roy Niederhoffer is restricted only to the extent that it is to be used solely to fund payments required to be made by the Reorganized Debtor under the First Amended Plan. The Pledge is identified in Article IV of the Amended Plan, Means for Implementation. The Pledge is included in "Contributions" and, because the entire amount is being used to pay creditors, it is also listed as "Plan Contribution" under "Other Expenses." We could have also labeled it "Plan Payments" to avoid confusion and can make that change if you think it would be helpful.

**Finally (for now), what programs or activities are included in the category "Opera for Kids" on the projections?  This program is not explained in the Plan or the Summary.  Does this, for example, include the participation of the NYC school groups, activities for children attending regular performances or some other type of activity?  And what is the source of the expected revenue for this program (ticket sales, contract with the schools or other organizations, etc.)?**

Opera For Kids has been educating New York City students about opera since 2006. It is a series of hour-long, student-appropriate operas, staged and performed in costume and guided by a narrator who introduces the children to the basic elements of opera production in general and elucidates the plot of the specific opera being performed. The greatest portion of Opera for Kids's audiences are groups of Italian-language students organized by the Italian American Committee on Education (IACE). Through the funding provided by the agreement between Dicapo Opera Theater and IACE (an agreement that has been transferred to NYCO Renaissance). Opera for Kids has been financially self-sustaining since its inception. In addition to performances for students organized by IACE, Opera for Kids offers performances on weekends for local families at modest ticket prices.

**Thanks very much for your assistance.**

**Rose**

**Rose  Firestein**

**Assistant Attorney General**

**Charities Bureau**

120 Broadway, 3ʳᵈ Floor

New York, NY 10271

212-416-8325

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

---



**Michael Capasso**
**General Director**
**NYCOrenaissance**
**1700 Broadway,39th Floor**
**New York, NY 10019**
**Direct: 646.981.1890**
**Mobile: 917.816.1243**

# EXHIBIT 8

## Page from Bureau of Labor Statistics' Website Identifying Beginning of the "Great Recession"

# The Recession of 2007–2009

February 2012

A general slowdown in economic activity, a downturn in the business cycle, a reduction in the amount of goods and services produced and sold—these are all characteristics of a recession. According to the National Bureau of Economic Research (the official arbiter of U.S. recessions), there were 10 recessions between 1948 and 2011. The most recent recession began in December 2007 and ended in June 2009, though many of the statistics that describe the U.S. economy have yet to return to their pre-recession values. In this Spotlight, we present BLS data that compare the recent recession to previous recessions.



# EXHIBIT 9

**Wills and Other Materials from Counsel
To the Executors of Estates with Pending
Bequests Other than the DeMenasce Estate**

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Dallas  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami          Henry Christensen III
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.          Attorney at Law
                                                                                                       hchristensen@mwe.com
Strategic alliance with MWE China Law Offices (Shanghai)                                                +1 212 547 5658

September 28, 2015

<u>Via Federal Express</u>

Ms. Stefanie H. Roth
Ewenstein & Roth LLP
5 Columbus Circle, Suite 710
New York, New York 10019

Dear Ms. Roth:

Thank you for your letter regarding the bequest to the New York City Opera under the Will of James S. Marcus.  Enclosed, per your request, is a redacted copy of the relevant pages of Mr. Marcus' Will. I believe my associate, Abbie Rose Pappas, has already provided this to the New York City Opera.

As you can see, the Will requires that every charitable organization receiving a bequest be "considered a charitable organization at the time of such distribution." (See Part (A) of Article FIFTH.)  As NYCO is not currently a charitable organization eligible to receive bequests, NYCO is not a "charitable organization" for the purposes of Mr. Marcus' Will.

We plan on making distributions to the charitable beneficiaries very shortly, and do not believe NYCO will be eligible to receive the distribution.  Even if NYCO were to reorganize by the time of distribution, it would be necessary to analyze whether it is, in fact, still the same charitable organization which Mr. Marcus knew so well and to which he intended to make  made his bequest.

We are sorry for the disappointing result, but do believe it is important that we carry out Mr. Marcus' wishes per the precise instructions in his Will. Please call me at 212-547-5658 if you wish to discuss further.

Sincerely,

Henry Christensen III

Enclosures

U.S. practice conducted through McDermott Will & Emery LLP

340 Madison Avenue  New York, New York 10173-1922   Telephone: +1 212 547 5400   Facsimile: +1 212 547 5444   www.mwe.com
DM_US 64332863-1 081224.0012

I, JAMES S. MARCUS, a resident of New York, New York, do make this Will, hereby revoking all wills previously made by me.

FIRST: I direct my Executors to pay all of my debts, all reasonable funeral expenses and expenses of my last illness, and all expenses, fees and commissions incurred in the administration of my estate in the United States of America. I further direct my Executors to pay all estate, inheritance and similar taxes, including any interest and penalties thereon, imposed by the United States of America or any state or subdivision thereof, with respect to my estate herein disposed of, or any part thereof, or any devise or bequest contained in this Will (which term wherever used herein shall include any codicil hereto). I authorize, but do not direct, my Executors to pay any taxes and expenses imposed by or incurred in any foreign jurisdiction. All taxes paid by my Executors under this Article shall be paid as administration expenses out of my residuary estate.

SECOND:

(D)

(E)

(F)

(G)

(H)

FIFTH: All of the residue of my estate of every kind and description (including lapsed legacies and devises) I devise and bequeath as follows:

(A)   To such of the following organizations as shall be considered a charitable organization at the time of such distribution, for such organization's general purposes, unless otherwise indicated:

4

(1)

(2)

(3)

(4)

(5)

(6)

(7)    The sum of Five hundred thousand Dollars to NEW YORK CITY OPERA, INC. of New York, New York.

(8)

(9)

(10)

(11)

(12)

(13)

(14)

(15)

(16)

(17)

If the total value of the dispositions under Subparts (1) through (17) of this Part shall exceed thirty percent of the residue of my estate, after payment of taxes and expenses, and excluding therefrom the value of my home in East Hampton, New York, such dispositions shall abate pro rata.

If the disposition under any of Subparts (1) through (17) of this Part shall lapse or fail for any reason, the share otherwise passing thereunder shall pass under Part (B) hereof.

(B)

...tor or Trustee who at any time may be acting hereunder, whether or

no...ed herein.

...REOF, I have hereunto set my hand and

seal this 21st day of April, two thousand ...en.

SIGNED, SEALED, PUBLISHED
and DECLARED by the above-
named Testator, JAMES S.
MARCUS, as and for his Last Will
and Testament, in the sight and
presence of us, who, at his request
and in his sight and presence and in
the sight and presence of each other,
have hereunto signed our names as
subscribing witnesses this 21st
day of April, 2011.

Nicole Eraminise

... Kose
... e St 19F
... Ny 11201

... Orc...d Lane
Leu H...PA 17055

344 8th street
Brooklyn, NY 11215

17

**JAMES EDGAR BROWN**
ATTORNEY AND COUNSELLOR AT LAW
303 Tenth Street
Honesdale, PA 18431

Telephone   (570) 253-7767
Facsimile   (570) 253-4017
james@jamesbrownlaw.net

Lisa A. Finan, Paralegal
lisa@jamesbrownlaw.net

September 5, 2012

New York City Opera, Inc.
New York State not-for-profit corporation
20 Lincoln Center
New York, New York  10023

Re:    Ines Sagar Estate

Dear Sir/Madam:

Enclosed please find the Notice of Beneficial Interest related to The Estate of Ines Sagar.  You have been identified as one of the heirs.  I have also enclosed a copy of the Will for your records.

Thank you for your attention to this matter.   Please feel free to call if you have any further questions.

Very truly yours,

James E. Brown

JEB/laf
Enclosure

## NOTICE OF BENEFICIAL INTEREST IN ESTATE

BEFORE THE REGISTER OF WILLS, COUNTY OF WAYNE PENNSYLVANIA

In RE: Estate of Ines Sagar, deceased,

No. 6412-0119

TO:   New York City Opera, Inc.

a new York State not-for-profit corporation

20 Lincoln Center

New York, New York     10023


Please take notice of the death of decedent and the grant of
letters to the personal representative(s) named below.  You may
have a beneficial interest in the estate as follows:

... all the rest, residue and remainder of her estate.


(if additional space is needed, use back of page)

Name of decedent: **Ines Sagar**

Last known address of decedent: **12 Sunset Avenue, Honesdale,**
**Pennsylvania 18431**.


Date of death: **April 1, 2012**


Place of death **23 Ellen Memorial Lane, Honesdale, Pennsylvania**
**18431 (Nursing Home)**, County of grant of original letters Wayne


Decedent died <u>XX</u> testate __ intestate.

A copy of the will XX is __ is not attached.

Name(s), address(es) and telephone number(s) of all personal
representatives appointed

| Name | Address | Telephone |
|---|---|---|
| Gary Goodman | 7 Katie Lane Honesdale, PA 18431 | 570-253-4611 |

Name(s), address(es) and telephone number(s) of all counsel

| Name | Address | Telephone |
|---|---|---|
| James E. Brown, Esq., 303 Tenth Street, Honesdale, PA 18431 | | |
| | | (570) 253-7767 |

Additional information may be obtained from the undersigned.

Date: _____        Signature _____

Name:    James E. Brown, Esquire

Address:  303 Tenth Street

          Honesdale, PA 18431

Telephone:  570) 253-7767

Capacity:__     Personal Representative

          XX    Counsel for personal
                Representative

**James Edgar Brown**
ATTORNEY AND COUNSELLOR AT LAW
303 Tenth Street
Honesdale, PA 18431
570-253-7767   Fax 570-253-4017

WE DO HEREBY CERTIFY THAT THE
WITHIN IS A TRUE AND CORRECT COPY
OF THE ORIGINAL FILED IN THIS
ACTION.
BY _____
                    ATTORNEY

# Last Will and Testament

## INES SAGAR

That I, INES SAGAR, of Wayne County, Pennsylvania, being of sound mind, memory and understanding do make and publish this my Last Will and Testament, hereby revoking and making void all former Wills by me heretofore made.

FIRST: I direct that there be no funeral service conducted, that my body be cremated and the ashes, together with the ashes of my husband, ALFRED SAGAR, be disposed of by my Executrix.

SECOND: I direct that all my just debts and expenses be fully paid and satisfied as soon as conveniently may be after my decease.

THIRD: I give and bequeath all of my household furnishings and personal effects which are not otherwise disposed of herein to those persons named in a separate memorandum which I shall place with this my Last Will and Testament.

FOURTH: I give and bequeath the sum of Twenty Thousand Dollars ($20,000.00) to "Estonian American Fund" whose address is: P.O. Box 13266, Silver Springs, Maryland 20911-3266.

FIFTH: I give and bequeath the sum of Fifty Thousand Dollars ($50,000.00) to the "Estonia Archives in the U.S., Inc.," whose address is: 607 East 7th Street, Lakewood, New Jersey, 08701.

SIXTH: I give and bequeath the sum of Fifty Thousand Dollars ($50,000.00) to the

1

"Estonia Relief Committed, Inc.," whose address is: 243 East 34th Street, New York, New York 10016.

SEVENTH: I give and bequeath the sum of Thirty Thousand Dollars ($30,000.00) to my second cousin, TAAVI TINGAS, presently residing at: MERIHOBU tee 11, RANNAMÕISA, KÜLA, HARKU VALD, HARJUMAA, ESTONIA.

EIGTHTH: I give and bequeath the sum of Ten Thousand Dollars ($10,000.00) to my godson, ALEXANDER TEEMANT, presently residing at: VIOLSTIGEN 6C, VASTERAS S-722 27, SWEDEN.

NINTH: I direct that my house and any other real estate which I own at the time of my death be sold and I give and bequeath the proceeds as follows: Ninety (90%) percent to my second cousin TAAVI TINGAS and Ten (10%) percent to my friend KRISTI CAROL MAGI.

TENTH: I give and bequeath the all of the books, literature and such other materials that make up my library to my second cousin, TAAVI TINGAS

ELEVENTH: I give and bequeath all the rest, residue and remainder of my estate to the New York City Opera, Inc.," a New York State not-for-profit corporation, whose address is: 20 Lincoln Center, New York, New York, 10023, for the purpose of funding new productions.

TWELFTH: I direct that my estate be responsible for all inheritance tax applicable to each of my bequests.

THIRTEENTH: I hereby appoint my friend, Gary Goodman, of Wayne County, Pennsylvania, as my Executor of this my Last Will. In the event that my friend, Gary Goodman, should fail to qualify or cease to act as Executor of this my Last Will, I hereby appoint Arlene

2

Goodman, as the Executrix of this my Last Will.

      FOURTEENTH:  I direct that my personal representatives shall not be required to give bond for the faithful performance of their duties in any jurisdiction.

      IN WITNESS WHEREOF, I have hereunto set my hand this 10th day of May, 2010.

                    **INES SAGAR**

      In our presence the above-named testatrix signed this and declared it to be her Last Will and Testament, and at her request, in her presence and in the presence of each other, we sign as witnesses:

                    JAMES E. BROWN, ESQUIRE

                    MARK S. JENNINGS, ESQUIRE

3

COMMONWEALTH OF PENNSYLVANIA

: SS

COUNTY OF WAYNE

We, INES SAGAR, the Testatrix, James E. Brown, Esquire and Mark S. Jennings, Esquire, the witnesses respectively, whose names are signed to the attached or foregoing instrument, being first duly sworn, do hereby declare to the undersigned authority that the Testatrix signed and executed the instrument as her Last Will and that she had signed willingly (or willingly directed another to sign for her), and that she executed it as her free and voluntary act for the purposes therein expressed, and that each of the witnesses, in the presence and hearing of the Testatrix, signed the Will as witnesses and that to the best of their knowledge the Testatrix was at the time eighteen years of age or older, of sound mind and under no constraint or undue influence.

_____
INES SAGAR

_____
JAMES E. BROWN, ESQUIRE

_____
MARK S. JENNINGS, ESQUIRE

Subscribed, sworn to and acknowledged before me by Ines Sagar, the Testatrix, and subscribed and sworn to before me by James E. Brown, Esquire and Mark S. Jennings, Esquire, witnesses, this 10th day of May, 2010.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lisa A. Finan, Notary Public
Honesdale Boro, Wayne County
My Commission Expires June 10, 2012
Member, Pennsylvania Association of Notaries

4

WALTER J. HUNZIKER, JR.
ROBERT A. JONES
SUSAN E. CHAMPION*
MICHAEL J. SWEENEY*
A. JAMES ROMER, JR.
MARY TOM
SCOTT T. RUMANA
ALYSSA J. DeSTEFANO
CHRISTOPHER E. MILLER

HOWARD A. EBRIGHT, Of Counsel

**HUNZIKER, JONES & SWEENEY**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

WAYNE PLAZA II
155 ROUTE 46 WEST
WAYNE, NEW JERSEY 07470

Sender's direct e-mail: schampion@hjslawoffice.com

TELEPH
TELEF
E-MAIL:
WEBSITE: www.hjs

WEST MILFORD OFFICE
(By Appointment Only)

*Rule 1:40-12 Qualified Mediator

August 14, 2014

To All Parties on Attached Service List

Re:    IMO the Estate of Ingeborg Schultz
Docket No.:   P-208886

Dear Sir/Madam:

Enclosed is a copy of the Judgment of the Superior Court of New Jersey, Chancery Division, Passaic County, Probate Part, entered on August 12, 2014 by the Honorable Margaret Mary McVeigh, P.J.Ch. admitting the Last Will and Testament of Ingeborg M. Schultz dated May 2, 2005 to probate. This Judgment also provides that A. James Romer, Jr., Esq. is appointed Administrator CTA of the Estate. Mr. Romer has posted the bond and Letters of Administration with the Will annexed have been issued to Mr. Romer.

You are receiving notice of the probate of the Will as an interested party to the Estate. A copy of the Last Will and Testament of Ingeborg M. Schultz is enclosed for your review. Inquiries regarding the Will or administration of the Estate may be directed to our office.

Very truly yours,

HUNZIKER, JONES & SWEENEY, P.A.

by: _____
Susan E. Champion

SEC/mpg
Enclosures

☐RECEIVED ☒FILED

AUG 1 2 2014

BERNICE TOLEDO SURROGATE
PASSAIC COUNTY

Susan E. Champion, Esq. (ID #026601976)
**HUNZIKER, JONES & SWEENEY, P.A.**
Wayne Plaza II
155 Route 46 West
Wayne, New Jersey  07470
973-256-0456 (telephone)
973-256-4784 (facsimile)
Attorneys for: Petitioner, A. James Romer, Jr.

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION : PASSAIC COUNTY |
| In the Matter of the Estate | : PROBATE PART |
| of | : Docket No.: P-208886 |
| | : |
| INGEBORG M. SCHULTZ | :     - CIVIL ACTION- |
| | : |
| Deceased | : |

### JUDGMENT ADMITTING WILL TO PROBATE AND APPOINTING ADMINISTRATOR C.T.A.

THIS MATTER being brought before the Court on August 1, 2014 by Hunziker, Jones &

Sweeney, P.A. (Christopher E. Miller, Esq. appearing), upon an application seeking to probate the

decedent's Last Will and Testament, and to grant letters of administration with the Will annexed;

and notice having been given to all interested parties; and the Court having considered the pleadings

and the argument of counsel; and the Court having read and reviewed any and all papers submitted

in connection with and/or in opposition to this application; and for the reasons set forth on the record

on August 1, 2014; and for good cause shown;

IT IS on this 13th day of _August_ , 2014

ORDERED that:

1.    The Last Will and Testament of Ingeborg M. Schultz, dated May 2, 2005, is admitted

to probate.

*IMO OF THE ESTATE OF INGEBORG M. SCHULTZ*
*DOCKET NO.: P-208886*
*Service List of Interested Parties to the Matter*

Sabine Schroder Juergens
Vögelser Strasse 9
21339 Lüneberg
Germany

Martin Schroder
Husemannstrabe 10
Luneburg, Berlin
Germany

Office of the Attorney General
Hughes Justice Complex
Post Office Box 080
25 Market Street
Trenton, NJ 08625-0081

Good Shepherd Lutheran Church
95 Kings Highway
Warwick, NY   10990

West Milford Animal Shelter Society
Post Office Box 72
Lycosky Road
West Milford, NJ   07480

New York City Opera
75 Broad Street
New York, NY   10004

Metropolitan Opera
Lincoln Center Plaza
New York, NY   10023

## LAST WILL AND TESTAMENT

## OF

## INGEBORG M. SCHULTZ

IN THE NAME OF GOD, AMEN. I, INGEBORG M. SCHULTZ, a resident of Hewitt, Passaic County, New Jersey, declare this to be my Last Will and Testament, hereby revoking all prior Wills.

**FIRST:**    I direct that all my debts and funeral expenses shall be paid as soon after my death as shall be convenient.  All estate and inheritance taxes payable as a result of my death shall be paid by my Executor as if they were my debts, without contribution from any person.

**SECOND:**    I devise certain items of personal effects and household furnishings to such of my friends and family as I may designate in a statement to be separately prepared and signed by me, which statement I intend to keep with this my Will.

**THIRD:**    I bequeath and devise all my property, real and personal and wheresoever situate, unto my husband, ALFRED C. SCHULTZ, provided he is living on the tenth day following the date on which my death occurs, and if he is not then living, my estate shall be divided into four (4) equal shares to be distributed as follows:

(a)    One-fourth (1/4) share to **GOOD SHEPHERD LUTHERAN CHURCH**, Warwick, New York.

(b)    One-fourth (1/4) share **WEST MILFORD ANIMAL SHELTER SOCIETY**, West Milford, New Jersey.

(c)    One-fourth (1/4) share to the **NEW YORK CITY OPERA**, Lincoln Center, New York, New York.

(d)    One-fourth (1/4) share to the **METROPOLITAN OPERA**, Lincoln Center, New York, New York.

1

2.     A. James Romer, Jr., Esq. is appointed as the Administrator C.T.A. of the Estate of Ingeborg M. Schultz.

3.     A. James Romer, Jr., Esq. shall post a bond in the amount of $800,000.00.

4.     Letters of Administration with the Will annexed shall be issued to A. James Romer, Jr., Esq., upon his qualification of same.

5.     A copy of this Order shall be served upon all counsel and all parties in interest within seven (7) days hereof.

_____
HON. MARGARET MARY McVEIGH, P.J. Ch.

APPOINTMENTS MADE IN THIS ORDER
ARE VALID ONLY UPON ISSUANCE OF
LETTERS BY THE SURROGATE'S COURT.

FOURTH:    I empower my Executor for the time being acting in such capacity, without authorization or approval of any Court, to do everything he deems advisable, even though it would not be authorized or appropriate for fiduciaries but for this power under N.J.S. 3B:14-23 or any other rule of law, including the power to: retain as investment the property forming part of my estate and invest in any and all kinds of realty and personalty, wheresoever located, including corporate securities of all types, even common stocks, warrants and rights, options to buy and sell securities, common funds, and unsecured obligations without diversification in kind or amount; maintain one or more security accounts with brokers; sell or otherwise dispose of any property whether real or personal, publicly or privately, wholly or partly on credit; invest in assets not productive of current income; delegate discretion; employ agents, accountants and attorneys and hold property in the name of a nominee; determine which amounts received shall be treated as income and which principal; and distribute in kind or in cash or partly in each even if shares be composed differently; account informally to the beneficiaries, or to their guardian if any of them be minors; and to make distribution to any beneficiary who may be a minor to a person designated by my Executor as custodian for the respective minor pursuant to the New Jersey Uniform Transfer to Minors Act, as though the Executor was a donor making a gift under the Act to the minor pursuant to its terms on such date.

FIFTH:    I nominate and appoint my husband, ALFRED C. SCHULTZ, to be Executor of this my Will, but in the event that he is unable or unwilling so to serve, I nominate and appoint my pastor, KENNETH SUSSKRAUT of the Good Shepherd Lutheran Church to serve in his place and stead, and I direct that no bond shall be required of either of them.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 2nd day of May, 2005.

*Ingeborg M. Schultz*
Ingeborg M. Schultz

2

THIS INSTRUMENT, consisting of three (3) typewritten pages each bearing the signature of the above named INGEBORG M. SCHULTZ was by her on the date hereof signed, sealed, published and declared to be her Last Will and Testament in our presence, who, at her request and in her presence and in the presence of each other we believing her to be of sound and disposing mind and memory, have hereunto subscribed our names as witnesses.

_Joseph J. Pettinato Jr._ _____ residing at _63-23  77  Street_

_Rego Park  11379-1303_

_P.M. Pettinato_ _____ residing at _309  Lake Shore Drive_

_Hewitt  NJ  07421_

I, INGEBORG M. SCHULTZ, sign my name to this Instrument this 2nd day of May, 2005, being duly sworn, do hereby declare to the undersigned authority that I sign and execute this Instrument as my Will and that I sign it willingly, that I execute it as my free and voluntary act for the purposes therein expressed, and that I am over 18 years of age, of sound mind and under no constraint or undue influence.

_Ingeborg M. Schultz_
Ingeborg M. Schultz

We, _Joseph J. Pettinato, Jr_ and _Else M. Pettinato_ ,
the witnesses, sign our names to this Instrument, and, being duly sworn, do hereby declare to the undersigned authority that the Testatrix signs and executes this Instrument as her Will and she signs it willingly, and that each of us, in the presence and hearing of the Testatrix, hereby signs this Will as witness to the Testatrix, signing, and that to the best of our knowledge the Testatrix is over 18 years of age, of sound mind, and under no constraint or undue influence.

_Joseph J. Pettinato Jr._
_Else M. Pettinato_

STATE OF NEW JERSEY )
                     ) SS
COUNTY OF PASSAIC    )

Subscribed, sworn to and acknowledged before me by   INGEBORG M. SCHULTZ, the Testatrix, and subscribed and sworn to before me by _Joseph J. Pettinato, Jr_ and _Else M. Pettinato_ , witnesses, this 2nd day of May, 2005.

_Robert A. Jones_
Robert A. Jones
An Attorney at Law of New Jersey

4

# MH

## MORRIS HALL PLLC

a premier estate planning law firm

April 13, 2015

RE:   ESTATE OF VIRGINIA HELENE HAVRILKA

Dear Devisees of the Estate of Virginia Helene Havrilka,

Barbara Hacker has retained Morris Hall to represent her in the ancillary administration of Ms. Havrilka's estate.  On April 8, 2015, she was appointed as Ancillary Personal Representative.

The purpose of opening the ancillary probate proceedings in Arizona is the property owned by Decedent in Sun Lakes, Arizona.

Please find enclosed a copy of the Notice to Heirs, along with a copy of the Order to Personal Representative setting out the duties and responsibilities of Ms. Hacker, along with a copy of the Application, Will, Letters Testamentary, Order for Probate, and Statement of Informal Probate.

Within ninety (90) days, Ms. Hacker will be providing an inventory listing the Sun Lakes property and the value as of the date of death of Ms. Havrilka.

If you have questions, please feel free to contact me or my paralegal, Bert Carlson, at 602-249-1328.

Sincerely,

Andrea L. Claus
Attorney at Law

/bc
Enclosures

Date: MAY 27 2014
Received from Leslie Johnson, II
the Will of Virginia Helene Havrilka
deceased. Pursuant to Section 8200, Probate Code
Darrel E. Parker, Executive Officer
By B. Delabro
Deputy Clerk

SUPERIOR COURT — SANTA BARBARA
AUG 26 2014
Darrel E. Parker, Executive Officer
BY D. Young, Deputy Clerk

# LAST WILL AND TESTAMENT

I, VIRGINIA HELENE HAVRILKA, a resident of the City of Lompoc, County of Santa Barbara, State of California, being over the age of eighteen (18) years, and being of sound and disposing mind and memory, and not acting under duress, menace, fraud, or undue influence of any person whomsoever, do make, publish, and declare this my Last Will And Testament, hereby expressly revoking all wills by me heretofore made, in the manner following, that is to say:

FIRST: I declare that I am a single woman and that I have no children, living or deceased.

SECOND: I direct that my executor, hereinafter named, as soon as he has sufficient money of my estate in his hands, pay the expenses of my last illness and my funeral expenses, and all my other just debts.

THIRD: I hereby give, devise, and bequeath to SERGIO TOMAS GODERICH, of 747 Tenth Avenue, Apt. 25-E, New York City, New York 10019, the sum of Twenty Thousand Dollars ($20,000). If he should predecease me or should he not survive me for four (4) months, then this gift shall lapse and pass with the residue of my estate.

FOURTH: I hereby give, devise, and bequeath to PATRICIA HENRY VAN ETTEN, of Eagle Lane, Etters PA 17319-9492, the sum of Twenty Thousand Dollars ($20,000), per stirpes and by right of representation.

OSSMAN, COX
& JOHNSON

North H Street
.O. Box 458
ooc, California

1

**FIFTH:** I hereby give, devise, and bequeath to PATRICIA DYKEMAN and ROBERT DYKEMAN, equally, share and share alike, per stirpes and by right of representation, the improved real property located at 1608 Jenkins Street, Endicott, New York 13760, legally described as follows: All that tract or parcel of land, situate in the Village of Endicott, County of Broome and State of New York, known and described as Lot No. Five (5), in Block No. 306, in Plot No. Three, as shown on a Map of the "Endicott Land Company, Sub-Division Plot No. 3, Endicott, N.Y." recorded in the Broome County Clerk's office in Book No. 2 of Maps, at page 15.

Said Lot No. five (5) is located on the south side of Jenkins Street, and is 40.50 feet wide front and rear and 120 feet deep, according to said map.

The above described premises are the same premises and all thereof which were conveyed by Kosta Desko and Pauline Desko, his wife, to Michael Havrilka, Jr. and Mary Havrilka, his wife, as tenants by the entirety, by Warranty Deed dated January 4, 1934, and recorded in the Broome County Clerk's Office on January 17, 1934, in Book 431 of Deeds, at page 304. The said Mary Havrilka died on May 1, 1980 leaving the Grantor herein the sole owner of the above described premises.

The said Michael Havrilka, Jr. and Mike Havrilka, Jr. are one and the same person.

I direct that the Land Sale Contract, dated June 8, 1982, for the purchase of the above referenced improved real property

OSSMAN, COX
JOHNSON

North H Street
O. Box 45B
onc California

2

by PATRICIA DYKEMAN and ROBERT DYKEMAN be deemed paid in full and I hereby forgive, cancel, and terminate all indebtedness to me arising therefrom.

**SIXTH:** I hereby forgive and cancel the entire remaining balance of unpaid principal and interest owed to me by ALICE V. SMITH under that certain Promissory Note, dated May 26, 1995, by and between BUDDY EDWARD SMITH and ALICE V. SMITH, his wife, and BERNARD M. HAVRILKA, in the amount of Fifty Thousand Dollars ($50,000.00), bearing interest at nine percent (9%) per annum.

I hereby direct that my executor shall reconvey the Purchase Money Deed of Trust securing said Promissory Note to ALICE V. SMITH, or her heirs, her successors or her assigns. Said Purchase Money Deed of Trust is dated May 26, 1995 and was made by and between BUDDY EDWARD SMITH and ALICE V. SMITH, parties of the first part, and DOUGLAS POWELL, Esquire, Trustee, party of the second part, encumbering the improved real property located at 2213 Stanley Avenue, Rockville, Maryland 20851, legally described as:

LOT NUMBERED NINE (9) IN BLOCK LETTERED "P", IN THE SUBDIVISION KNOWN AS "SECTION 6, ROCKLAND", AS PER PLAT THEREOF DULY RECORDED IN PLAT BOOK 50, PLAT 3870, AMONG THE LAND RECORDS OF MONTGOMERY COUNTY, MARYLAND. SUBJECT TO RESTRICTIONS AND CONVENANTS OF RECORD.

**SEVENTH:** I hereby give, devise, and bequeath all the rest, residue and remainder of my property, real, personal or mixed,

OSSMAN COX
& JOHNSON

North H Street
.O. Box 458

3

wherever situated, of which I may die seized or possessed, to the following charitable organizations:

1. Five percent (5%) thereof to Carnegie Hall Foundation, 881 Seventh Avenue, New York, NY 10019.

2. Five percent (5%) thereof to The New York Pops, Carnegie Hall, 881 Seventh Avenue, Suite 903, New York, NY 10019-3210

3. Five percent (5%) thereof to The Metropolitan Opera Association, Inc, Lincoln Center, New York, NY 10023.

4. Five percent (5%) thereof to The New York City Opera, Lincoln Center, New York, NY 10023.

5. Five percent (5%) thereof to The Philharmonic-Symphony Society of New York, Inc., Avery Fisher Hall, 10 Lincoln Center Plaza, New York, NY 10023-6990

6. Four percent (4%) thereof to the Lompoc Pops Orchestra, Post Office Box 1372, Lompoc, CA 03438-1372.

7. Five percent (5%) thereof to the National Wildlife Federation, 11100 Wildlife Center Drive, Reston, VA 20190-5362.

8. Five percent (5%) thereof to the National Audubon Society, 700 Broadway, New York, NY 10003.

9. Three percent (3%) thereof to the National Geographic Society, 1145 17th Street N.W, Washington, DC 20036-4688.

10. Three percent (3%) thereof to the Smithsonian Institution, Washington, DC 20560-0010.

11. Ten percent (10%) thereof to St. Jude's Hospital, P.O Box 50, Memphis, TN 38101-9929.

12. Five percent (5%) thereof to the American Diabetes Association, 2720 Gateway Oaks Drive, Suite 110, Sacramento, CA 95833-4304.

13. Five percent (5%) thereof to the National Heart Association, 15825 Shady Grove Road, Suite 140 Rockville, MD 20850.

14. Five percent (5%) thereof to the Easter Seal Society, National Office, 230 West Monroe Street, Chicago, IL  60606.

15. One percent (1%) thereof to the American Lung Association, 1740 Broadway, New York, NY 10019.

16. Two percent (2%) thereof to the American Lung Association of Santa Barbara and Ventura Counties, 1510 San Andres Street, Santa Barbara, CA 93101-4104.

17. Three percent (3%) thereof to the March Of Dimes Birth Defects Foundation, 1275 Mamaroneck Avenue, White Plains, NY 10605.

ROSSMAN, COX
& JOHNSON
1 North H Street
P.O. Box 458

18. Five percent (5%) thereof to the American Red Cross, 431 18th Street , NW, Washington, DC 20006.

19. Five percent (5%) thereof to the United States Olympic Committee, 4615 Foreign Trade Zone Blvd., Colorado Springs, CO. 80925.

20. Five percent (5%) thereof to the USO World Headquarters, P.O Box 96898, Washington, DC 20090-6898.

21. Three percent (3%) thereof to the Veterans Of Foreign Wars Of The United States, National Headquarters, 406 West 34th Street, Kansas City, MO 64111.

22. Three percent (3%) thereof to the Paralyzed Veterans Of America, 7 Mill Brook Road, Wilton, NH 03086.

23. Three percent (3%) thereof to the Disabled Veterans, P.O Box 14301, Cincinnati, OH 45250-0301.

EIGHTH:   I have purposely made no provision for any other person, whether claiming to be an heir of mine or not, and if any person, whether beneficiary under this Will or not mentioned herein, shall contest this Will or object to any of the provisions hereof, I give to such person so contesting or objecting, the sum of One Dollar ($1.00) and no more, in lieu of

ROSSMAN, COX
& JOHNSON

1 North H Street
P.O. Box 458

6

the provisions I have made or which I might have made herein for such person so contesting or objecting.

NINTH: I hereby nominate and appoint BARBARA HACKER the executrix of this, My Last Will and Testament, and I direct that she shall not be required to give any bond or security in reference to her trust.

In the event that BARBARA HACKER should predecease me or shall for any reason fail to qualify or cease to act as executrix, I nominate and appoint JEFFERY SLOCUM as executor of this My Last Will and Testament, to act as such without a requirement of bond.

In the event that JEFFERY SLOCUM should predecease me or shall for any reason fail to qualify or cease to act as executor, I nominate and appoint MICHAEL JENNINGS as executor of this My Last Will and Testament, to act as such without a requirement of bond.

IN WITNESS WHEREOF, I have hereunto set my hand this 22 day of October, 2001.

VIRGINIA HELENE HAVRILKA

The foregoing instrument was on the date thereof, by the testatrix, subscribed and declared to be her Last Will and Testament in the presence of us, who at her request, in her presence and in the presence of each other, do sign the same as witnesses. At the time of signing this Will, the testatrix and

OSSMAN, COX
& JOHNSON

North H Street
.O. Box 458

7

1  each of us who is acting as a witness is over eighteen (18)

2  years of age. The testatrix appears to be of sound and disposing

3  mind and memory, and each of us has no knowledge of any fact

4  indicating that the foregoing instrument, or any part of it, was

5  procured by duress, menace, fraud or the undue influence of any

6  person whomsoever.

7      Each of the undersigned declares under penalty of perjury

8  that the foregoing statement is true and correct and that this

9  declaration is made and signed October 22, 2001, in Lompoc,

10 California.

11

12  _Leslie T. Johnson, II_  Residing at Lompoc, California

13  _Mary K. Bock_  Residing at Lompoc, California

14

OSSMAN, COX
& JOHNSON
North H Street
P.O. Box 458

# GREENBERG FREEMAN LLP

Stacey F. Greenberg
stacey@greenbergfreeman.com

110 East 59th Street
New York, New York 10022
Tel 212.838.9694
Fax 212.838.5032
www.greenbergfreeman.com

March 5, 2014

New York City Opera
75 Broad Street
New York, NY 10004

Re:     Estate of Sally Helfman

To Whom It May Concern:

We have been retained to represent Arthur Helfman, as Executor of the Estate of Sally Helfman.
Article FIRST of Sally Helfman's Will (the "Will"), a copy of which is enclosed, provides a bequest
for the New York City Opera of the proceeds from the sale of her tangible personal property and of the
proceeds from the sale of her cooperative apartment. Because the New York City Opera was named in
the Will, we are required by law to send you a copy of the enclosed Notice of Probate (the "Notice").
You are not required to respond to this Notice.

Please do not hesitate to call me at (212) 838-9694 if you have any questions regarding the above.

Sincerely,

Stacey F. Greenberg

Enclosures

Form P-6
Notice of Probate

New York State Surrogate's Court
New York State Bar Association Official OCA Forms

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PROBATE PROCEEDING, WILL OF

**SALLY HELFMAN**

a/k/a
**SHIRLEY HELFMAN**

NOTICE OF PROBATE
(SCPA 1409)

Deceased.      File No. _____

NOTICE IS HEREBY GIVEN THAT:

1. The Will dated _____ November 17, 1986 _____ and Codicil(s), if any, dated
_____, of the above named decedent

domiciled at _____ 303 West 66th Street, New York, New York 10023 _____

County of _____ New York _____, New York, has been/will be offered for probate in the
Surrogate's Court for the County of _____ New York _____

2. The name(s) and address(es) of the proponent(s) of said will is/are:

**Proponent Information**

| Name | | | |
|---|---|---|---|
| Arthur Helfman | | | |
| Domicile Address: Street and Number | | | |
| 175 Thornbury Road | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| Scarsdale | New York | 10583 | United States |

| Name | | | |
|---|---|---|---|
| | | | |
| Domicile Address: Street and Number | | | |
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name | | | |
|---|---|---|---|
| | | | |
| Domicile Address: Street and Number | | | |
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name | | | |
|---|---|---|---|
| | | | |
| Domicile Address: Street and Number | | | |
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name | | | |
|---|---|---|---|
| | | | |
| Domicile Address: Street and Number | | | |
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

3. The name and post office address of each person named or referred to in the petition who has not been served or has not appeared, or waived service of process, with a statement whether such person is named or referred to in the will as legatee, devisee, trustee, guardian or substitute or successor executor, trustee or guardian, and as to any such person who is an infant or an incompetent, the name and post office address of a person upon whom service of process may be made on behalf of such infant or incompetent, is as follows:

## Substitute/Successor Executors and Trustees/Guardians/Legatees/Devisees/Other Beneficiaries

| Name | | | |
|---|---|---|---|
| **New York Attorney General** | | | |
| Mailing Address: Street and Number | | | |
| **120 Broadway** | State | ZIP Code | Country |
| City, Village or Town | **New York** | **10271-0332** | **United States** |
| **New York** | | Fiduciary Status | |
| Legacy, Devise or Other Interest | | **None** | |
| **Statutory** | | | |

| Name | | | |
|---|---|---|---|
| **New York City Opera** | | | |
| Mailing Address: Street and Number | | | |
| **73 Broad Street** | State | ZIP Code | Country |
| City, Village or Town | **New York** | **10004** | **United States** |
| **New York** | | Fiduciary Status | |
| Legacy, Devise or Other Interest | | | |
| **See Attachment 1** | | | |

| Name | | | |
|---|---|---|---|
| **Columbia University** | | | |
| Mailing Address: Street and Number | | | |
| **622 West 113th Street** | State | ZIP Code | Country |
| City, Village or Town | **New York** | **10025** | **United States** |
| **New York** | | Fiduciary Status | |
| Legacy, Devise or Other Interest | | | |
| **Income beneficiary of trust created under Article Ninth** | | | |

| Name | | | |
|---|---|---|---|
| **American Committee for Weizmann Institute of Science** | | | |
| Mailing Address: Street and Number | | | |
| **633 Third Avenue** | State | ZIP Code | Country |
| City, Village or Town | **New York** | **10017** | **United States** |
| **New York** | | Fiduciary Status | |
| Legacy, Devise or Other Interest | | | |
| **Income beneficiary of trust created under Article Ninth** | | | |

| Name | | | |
|---|---|---|---|
| **Brandeis University, Center for the Study of Jewish Life** | | | |
| Mailing Address: Street and Number | | | |
| **415 South Street** | State | ZIP Code | Country |
| City, Village or Town | **Massachusetts** | **02453** | **United States** |
| **Waltham** | | Fiduciary Status | |
| Legacy, Devise or Other Interest | | | |
| **Income beneficary of trust created under Article Ninth** | | | |

| Name | | | |
|---|---|---|---|
| **The Hebrew Arts School (aka Lucy Moses School)** | | | |
| Mailing Address: Street and Number | | | |
| **129 West 67th Street** | State | ZIP Code | Country |
| City, Village or Town | **New York** | **10023** | **United States** |
| **New York** | | Fiduciary Status | |
| Legacy, Devise or Other Interest | | | |
| **Income beneficiary of trust created under Article Ninth** | | | |

Continued on next page.

Substitute/Successor Executors and Trustees/Guardians/Legatees/Devisees/Other Beneficiaries (continued)

Name
**The Jewish Museum**
Mailing Address: Street and Number

| **1109 Fifth Avenue** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **New York** | **New York** | **10128** | **United States** |
| Legacy, Devise or Other Interest | | Fiduciary Status | |

**See Attachment 2**

Name
**Yivo Institute**
Mailing Address: Street and Number

| **15 West 16th Street** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **New York** | **New York** | **10011** | **United States** |
| Legacy, Devise or Other Interest | | Fiduciary Status | |

**half of personal library**

Name
**Apple Bank of New York**
Mailing Address: Street and Number

| **2100 Broadway** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **New York** | **New York** | **10023** | **United States** |
| Legacy, Devise or Other Interest | | Fiduciary Status | |
| | | **Successor Executor and Successor Trustee** | |

Name

Mailing Address: Street and Number

| | | | |
| City, Village or Town | State | ZIP Code | Country |
| Legacy, Devise or Other Interest | | Fiduciary Status | |

Name

Mailing Address: Street and Number

| | | | |
| City, Village or Town | State | ZIP Code | Country |
| Legacy, Devise or Other Interest | | Fiduciary Status | |

Name

Mailing Address: Street and Number

| | | | |
| City, Village or Town | State | ZIP Code | Country |
| Legacy, Devise or Other Interest | | Fiduciary Status | |

Name

Mailing Address: Street and Number

| | | | |
| City, Village or Town | State | ZIP Code | Country |
| Legacy, Devise or Other Interest | | Fiduciary Status | |

## AFFIDAVIT OF MAILING NOTICE OF PROBATE

STATE OF NEW YORK ⎫
                    ⎬ ss.:
COUNTY OF NEW YORK ⎭

Stacey F. Greenberg _____, residing at

110 East 59th Street, 22nd Floor, New York, New York 10022 _____

_____, being duly sworn, says that he/she is over the age of 18 years, that on the

_____5th day of March, 2014_____, he/she deposited in the post office or in a post office box

regularly maintained by the government of the United States in the _____ city _____

of _____New York_____, State of _____New York_____, a copy of the foregoing Notice of

Probate contained in a securely closed postpaid wrapper directed to each of the persons named in said notice

at the places set opposite their respective names.

Signature

**Stacey F. Greenberg**
Print Name

Sworn to before me this

___5th___ day of ____March, 2014_____

Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

CARLTON R. ASHER, JR.
Notary Public, State of New York
No. 41-4980843
Qualified in New York County
Commission Expires April 26, 2015

Stacey F. Greenberg
Print Name of Attorney

Greenberg Freeman LLP
Firm

(212) 838-9694
Telephone

110 East 59th Street, New York, New York 10022
Address

## LAST WILL AND TESTAMENT

I, SALLY HELFMAN, currently residing at 303 West 66th Street, New York, New York 10023, being of sound and disposing mind and memory, and considering the uncertainty of this life, do make, publish and declare this to be my last WILL and Testament as follows, hereby revoking all other former wills by me at any time made.

FIRST, After my lawful debts are paid, I give and bequeath to THE NEW YORK CITY OPERA, the proceeds from the sale of all tangible personal property, except for my personal library, owned by me at the time of my death, consisting of furnishings, pictures, silver, plate, china, linen, glassware, objects of art, wearing apparel and jewelry. I direct my executor to liquidate all of the above assets and deliver the proceeds to THE NEW YORK CITY OPERA. I further direct my executor to inform THE NEW YORK CITY OPERA of my desire that a separate fund be established in my name and that the fund be used for the purchase of costumes and stage sets. I further direct that my executor equitably divide my personal library between the JEWISH MUSEUM LIBRARY and the YIVO INSTITUTE.

SECOND, I give and bequeath to THE NEW YORK CITY OPERA, the proceeds from the sale of the COOPERATIVE APARTMENT owned by me at the time of my death, and located at 303 West 66th Street, New York, New York 10023. I direct my executor to liquidate the above asset and deliver the proceeds to THE NEW YORK CITY OPERA. I further direct my executor to inform THE NEW YORK CITY OPERA of my desire that these proceeds be added to the fund as described above.

**THIRD.**   I give and bequeath to COLUMBIA UNIVERSITY located in the City Of New York, Twenty Percent(20%) of the income from a trust to be set up by my executor at the time of my death. The funds shall be used for scholarship assistance in the graduate program of Jewish Studies or if no suitable candidates for such assistance, as determined by the trustees of the university, are available then for library acquisitions in that same field. Said trust shall be known as the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST. Said trust shall be funded from the proceeds of my estate assets after all of my just debts, my funeral expenses, my specific bequests and the costs of administrating my estate have been paid. The terms and conditions of said trust shall be in accordance with my directions as stated in the section captioned Ninth of this my Last Will and Testament.

**FOURTH.**   I give and bequeath to THE AMERICAN COMMITTEE FOR THE WEIZMANN INSTITUTE OF SCIENCE located at 515 Park Avenue, New York, New York 10022. Twenty Percent(20%) of the income from a trust to be set up by my executor at the time of my death. The funds shall be used for library acquisitions in the field of Cancer Research. Said trust shall be known as the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST. Said trust shall be funded from the proceeds of my estate assets after all of my just debts, my funeral expenses, my specific bequests and the costs of administrating my estate have been paid. The terms and conditions of said trust shall be in accordance with my directions as stated in the section captioned Ninth of this my Last Will and Testament.

**FIFTH,** I give and bequeath to THE BRANDEIS UNIVERSITY, CENTER FOR THE STUDY OF JEWISH LIFE located in Waltham, Massachusetts, twenty Percent(20%) of the income from a trust to be set up by my executor at the time of my death. The funds shall be used for scholarship assistance, teaching or publishing assistance. Said trust shall be known as the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST. Said trust shall be funded from the proceeds of my estate assets after all of my just debts, my funeral expenses, my specific bequests and the costs of administrating my estate have been paid. The terms and conditions of said trust shall be in accordance with my directions as stated in the section captioned Ninth of this my Last Will and Testament.

**Sixth,** I give and bequeath to THE HEBREW ARTS SCHOOL at Abraham Goodman House located at 129 West 67th Street, New York, New York 10023, Twenty Percent(20%) of the income from a trust to be set up by my executor at the time of my death. The funds shall be used to set up a scholarship endowment providing art and music instruction to one or more students. Said trust shall be known as the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST. Said trust shall be funded from the proceeds of my estate assets after all of my just debts, my funeral expenses, my specific bequests and the costs of administrating my estate have been paid. The terms and conditions of said trust shall be in accordance with my directions as stated in the section captioned Ninth of this my Last Will and Testament.

**Seventh.**   I give and bequeath to The JEWISH MUSEUM located at 1109 Fifth Avenue, New York, New York 10128, Twenty Percent(20%) of the income from a trust to be set up by my executor at the time of my death. The funds shall be used for the purchase of permanent acquisitions by contemporary artists.   Said trust shall be known as the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST. Said trust shall be funded from the proceeds of my estate assets after all of my just debts, my funeral expenses, my specific bequests and the costs of administrating my estate have been paid. The terms and conditions of said trust shall be in accordance with my directions as stated in the section captioned Ninth of this my Last Will and Testament.

**Eighth.**   All estate, inheritance, legacy, succession, transfer or other death taxes (including any interest and penalties thereon) imposed by any domestic or foreign taxing authority with respect to all property owned by me at the time of my death and passing under this will shall be paid out of the balances of my bank deposits and certificates as are in existence at the time of my death.

**NINTH.**   I direct that my executor execute a trust at the time of my death to be known as the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST. He shall deposit into the above named trust the proceeds of my estate assets after all of my just debts, my funeral expenses, my specific bequests and the costs of administrating my estate have been paid.   I appoint my Attorney Arthur L. Helfman as trustee of the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST.   In the event that he is unable to serve through death or disability, I appoint his successor law firm to serve in his stead subject to the approval of the Court.   In the event that the trust does not approve or the law firm cannot serve I appoint the APPLE BANK OF NEW YORK as successor trustee. The trustee is directed to invest

the corpus of the trust prudently, so as to maximize income without undo

risk to the principal.    In the event that any of the beneficiaries of the

income of this trust cannot accept their share by reason of nonexistence in

their present form or inability to comply with the directions of this my

last will and testament, I direct the trustee to divide it's share amongst

the others.    In the event that the share of any beneficiary falls below

the sum of five thousand dollars($5000.00) per annum. I direct the trustee

to increase the payment to that amount out of the corpus of the trust, as

long as such corpus exists.


**TENTH,**    I give and bequeath all of the residue of my estate real or

personal and wherever situated, including gifts under this will which lapse

or fail to the LILLIE, NATHAN AND SALLY HELFMAN MEMORIAL TRUST.

**ELEVENTH,** I appoint my Attorney Arthur L. Helfman as executor of this will. In the event that he is unable to serve through death or disability, I appoint his successor law firm to serve in his stead subject to the approval of the Court. In the event that the Court does not approve or the law firm cannot serve I appoint THE APPLE BANK of NEW YORK as successor executor. I give to my Executors the following powers, which may be exercised without court order.

A. To compromise and settle all claims in favor of or against my estate and to compromise and settle all expenses of my last illness and funeral expenses, all costs of administration of my estate, including ancillary administration, all costs of safeguarding and delivering property given under this will and all death taxes imposed because of my death including any interest and penalties thereon.

B. To employ attorneys, auditors, depositories and accountants as necessary.

C. To make any distribution or division of my estate in cash or in kind or both.

D. To distribute the residue of my estate in cash or in kind or partly in each.

E. To make such other elections under the tax laws as it in its absolute discretion, deems advisable, regardless of the effect thereof on any of the interest under this will, and I direct that there shall be no adjustment of such interests by reason of any action taken by my Executor pursuant hereto. Without intending to limit in any manner the absolute discretion granted to my Executor by the foregoing sentence, I direct that

my Executor will make such election in such a manner as to minimize the estate taxes payable by my estate.


In Addition


1.    I direct that my Attorney, Arthur L. Helfman or his successor shall be entitled to receive as compensation for his services hereunder as Executor and or trustee of the resulting trusts under this my Last Will and Testament, the commissions and fees which he would be entitled to receive in such capacity under the laws of the State of New York or the State in which this will is finally admitted to probate in effect at the time such commissions and fees are payable.


2.    I direct that in the event that the APPLE BANK OF NEW YORK, serves as executor or trustee under this will their fee shall be the minimum allowable under the laws of the State in which this will is admitted to probate.


3.    I direct that no executor or trustee shall be required to give bond, and that if notwithstanding this direction, any bond is required by any law, statue of rule of court, no sureties be required thereon.

9.   I direct that all costs, expenses, commissions and fees that are authorized by this Last Will and Testament are to be paid out of the balances of my bank deposits and certificates as are in existence at the time of my death.   IF they should prove insufficient then they shall be paid out of my other assets.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my seal, the Seventeenth Day of November in the Year One Thousand Nine Hundred and Eighty Six.

_____Sally Helfman_____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by the above-named testatrix as and for her Last Will and Testament, in our presence, and we, at her request, in her presence, and in the presence of each other, have hereunto signed our names as attesting witnesses and added opposite thereto our respective places of of residence, all this Seventeenth Day of November in the Year One Thousand Nine Hundred and Eighty Six.

_____Anthony Realmuto_____   Residing at _55 Radford Street_____
Signature of Witness                      _Staten Island N.Y. 10314_____
_Anthony Realauto_____
Print Name

_____Angellee Jesus_____   Residing at _23-30 29TH Street_____
Signature of Witness                      _Astoria, N.Y. 11105_____
_Angael DeJesus_ _____
Print Name

Affidavit of Subscribing Witnesses

STATE OF NEW YORK   X
                    X SS:
COUNTY OF NEW YORK  X

On November 17, 1986, personally appeared before me, a Notary Public in and for the County of New York, State of New York,

Witnesses:   ARTHUR REALMUTO AND ANGEL DeJesus

who being severally sworn state under oath that they witnessed the execution of the Will of SALLY HELFMAN the within named testatrix, on this the Seventeenth day of November Nineteen Hundred and Eighty Six the testatrix in their presence, subscribed the Will at the end and at the time of the making the subscription declared the instrument to be the Testatrix's Last Will and Testament; at the request of the Testatrix and in the Testatrix's sight and presence and in the sight and presence of each other, they witnessed the execution of the Will by the Testatrix by subscribing their names as witnesses to it; and the Testatrix at the time of the execution of the will, was over the age of 18 years and appeared to them of sound mind and memory and was in all respects competent to make a will and was not under any restraint.

The subscribing witnesses further state that this affidavit was executed at the request of SALLY HELFMAN, at the time of the execution of this affidavit the original Will, above described was exhibited to them and they identified it as such Will by their signatures appearing on it as subscribing witnesses.
Anthony Realmuto and Angel DeJesus
The subscribing witnesses further state that the Will was executed under the supervision of Arthur L. Helfman attorney for the testatrix at 170 East 25th Street, New York, N.Y. 10010.

Severally subscribed and                Signature  _Anthony Realmuto_
sworn to before me on                              Anthony Realmuto
   November 17, 1986                                 Print Name
                                        Address____55 Radford Street_____
                                               ___Staten Island, N.Y. 10314_

Notary Public

    ALLAN L. HELFMAN                     Signature  _Angel DeJesus_____
   Notary Public, State of New York                 Angel DeJesus
       No. 14-4569877                                  Print Name
   Certified in New York County          Address___ 23-30 29th Street_____
Commission Expires March 03, 19 97             ____Astoria, N.Y. 11105_____