**Hearing Date: January 12, 2016**
**Objection Deadline: January 5, 2016**

COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
Telephone: 212-563-4100
Facsimile: 212-695-5436
Bruce H. Simon
David R. Hock

Attorneys for the American Guild of Musical Artists

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| New York City Opera, Inc., | : | Case No.: 13-13240(SHL) |
| Debtor. | : | |

**LIMITED OBJECTION TO CONFIRMATION OF THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF NYCO RENAISSANCE LTD. AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NEW YORK CITY OPERA INC.**

The American Guild of Musical Artists ("AGMA"), a creditor and party in interest in the above-referenced proceeding, respectfully submits this limited objection to the confirmation of the Amended Joint Plan of Reorganization, and states as follows:

1. AGMA, is the collective bargaining representative of principal, leading, featured, and supporting singers and solo dancers, choreographers, assistant choreographers, ballet mistress/masters, choristers, corps dancers, directors, and production staff (stage managers, assistant stage managers, assistant directors) of the of New York City Opera, Inc. ("NYCO" or the "Debtor"). As such, AGMA hopes a reorganization of the Debtor will lead to a reorganized

entity that can successfully produce operas for many years to come and provide opportunities for its members.

2. Producing opera requires singers and musicians. Unless Renaissance is able to reach agreements with AGMA, it is unlikely that it will be able to successfully produce opera in New York. At the time of this filing, Renaissance has not yet reached any agreement with AGMA. Moreover, AGMA has filed a substantial priority claim against the Debtor.

3. Article VII(1) of the Plan provides that "Renaissance intends to seek in good faith to amend or modify such [collective bargaining] agreements and cause the Reorganized Debtor to assume the CBAs as so revised."

4. The Plan, therefore, provides neither for the assumption nor the rejection of the Debtor's collective bargaining agreement with AGMA (and the related contracts with individual performers), unless the Debtor seeks to reject those agreements through the general provision rejecting all executory contracts that are not assumed.

5. A debtor, however, may reject a collective bargaining agreement with a union representing its employees and the obligations contained therein only if the debtor meets the stringent and exclusive requirements set forth in Section 1113 of the Bankruptcy Code. *See* 11 U.S.C. § 1113. Section 1113(a) provides that a debtor may reject a collective bargaining agreement "only in accordance with the provisions of this section", 11 U.S.C. § 1113(a), and section 1113 (f) provides that "[n]o provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section." 11 U.S.C. § 1113(f).

6. The Second Circuit has stated, "[w]e construe subsection 1113(f) quite literally. We hold that it was meant to prohibit the application of *any* other provision of the

Bankruptcy Code when such application would permit a debtor to achieve a unilateral termination or modification of a collective bargaining agreement without meeting the requirements of § 1113." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 990-91 (2d Cir. 1990) (emphasis added).

7. Thus, the Plan should not permit anything other than assumption (or an agreed-upon modification) of the CBA, and Renaissance should be required to demonstrate (1) that it can pay all claims as provided in the Plan successfully and produce operas and (2) that it has an agreement in place with AGMA in order for the Plan to be confirmed.

WHEREFORE, AGMA respectfully requests that the Court carefully consider the feasibility of the Plan and confirm it only if Renaissance demonstrates that it can meet the obligations required by the plan on the effective date and it is capable of producing opera in New York City for years to come, and for such other relief as is just and proper.

Dated: New York, New York
January 5, 2016

Respectfully submitted,

By /s/ David R. Hock

Bruce H. Simon
David R. Hock
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
T: 212-563-4100
F: 212-695-5436

Attorneys for AGMA

**CERTIFICATE OF SERVICE**

I, David R. Hock, hereby certify that I caused the forgoing to be served electronically through the Court's electronic filing system and by mail upon:

New York City Opera, Inc.
P.O. Box 546, Rockville Centre
New York, NY 11571-0546

Lowenstein Sandler, LLP
65 Livingston Avenue
Roseland, NJ 07068
Attn: S. Jason Teele
Nicole Stefanelli

NYCO Renaissance
Duane Morris, LLP
1540 Broadway
New York, NY 10036-4086
Attn: Gerard S. Catalanello

Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036
Attn: Sean C. Southard

Office of the New York Attorney General
120 Broadway
New York, NY 10271
Attn: Rose Firestein

Office of the U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

/s/ David R. Hock

David R. Hock



System.Object[]